UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AURORE SIMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ASSIA SOUILY-LEFAVE et al.<br><br>　　　　Defendants. | Case No. 2:24-cv-00831-CDS-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

　　　　Pending before the Court is Plaintiff Aurore Sims' Application to Proceed *in forma pauperis* and Complaint. ECF Nos. 1, 1-1.

**I.　　Application to Proceed *in forma pauperis***

　　　　Plaintiff submitted the affidavit and documentation required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Thus, Plaintiff's request to proceed *in forma pauperis* is granted below.

**II.　　Screening the Complaint**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

### III. Plaintiff's Complaint

Plaintiff's Complaint avers claims for copyright infringement under the Copyright Act of 1976, fraud inducement, and perjury under NRS 199.120. ECF No. 1-1.

    A. <u>Copyright infringement</u>.

Plaintiff alleges Defendant Assia Souily-Lefave ("Souily-Lefave") posted Plaintiff's photograph on the Instagram page of Souily-Lefave's business (Around Vegas LLC-1 Day In Las Vegas[1]) without Plaintiff's permission thereby infringing on Plaintiff's copyright in violation of the Copyright Act of 1976. *Id.* at 3-5. To establish copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Stewart v. Warner Bros.*, Case No. 2:12-CV-01875-PMP-GWF, 2013 WL 1249603, at *2 (D. Nev. Mar. 4, 2013), *aff'd sub nom. Stewart v. Warner Bros. Ent.*, Case No. 2:12-CV-01875-PMP, 2013 WL 1249599 (D. Nev. Mar. 25, 2013) *citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "To plead ownership, [a plaintiff] must plausibly allege it owns a valid copyright registration for its work." *Barnes v. T.V. Network*, Case No. 1:20-CV-01331-NONE-EPG (PC), 2020 WL 6342787, at *4 (E.D. Cal. Oct. 29, 2020), *report and recommendation adopted*, Case No. 1:20-CV-01331-NONE-EPG (PC), 2020 WL 7319367 (E.D. Cal. Dec. 11, 2020), *quoting Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019). "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017), *citing Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1110 (9th Cir. 1998).

Plaintiff claims she had copyright to the photograph Souily-Lefave posted on Around Vegas' Instagram page, and includes a copy of the certificate of registration from the U.S. Copyright Office as an exhibit to her Complaint. ECF No. 1-1 at 3-5, 14. Based on Plaintiff's demonstrated copyright registration, Plaintiff satisfies the first requirement to state a copyright infringement claim.

When a defendant copies and posts copyrighted photographs online without the copyright owner's permission, the defendant engages in actionable copying. *Nat'l Photo Grp., LLC v. Pier Corp.*, Case No. SACV 13-1165-DOC (JPRx), 2014 WL 12576641, at *2 (C.D. Cal. Mar. 10, 2014).

---

[1] Around Vegas LLC-1 Day in Las Vegas is hereinafter referred to as "Around Vegas."

1  Plaintiff alleges Souily-Lefave posted the copyrighted photograph, without Plaintiff's permission,
2  on Defendant Around Vegas' Instagram page. ECF No. 1-1 at 5. Thus, the Court finds Plaintiff
3  satisfied the second requirement for copyright infringement. Given that the pleading requirements
4  for copyright infringement are met, this claim may proceed.[2]

   B.   Fraud inducement

To state a claim for fraud inducement Plaintiff must plead: "(1) the defendant made a false representation; (2) the defendant had knowledge or a belief the representation was false; (3) the defendant intended to induce the plaintiff to rely on the representation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered damages as a result of this reliance." *Kitchen v. Select Portfolio Servicing, Inc.*, Case No. 2:15-CV-02297-RCJ-PAL, 2016 WL 730756, at *3 (D. Nev. Feb. 23, 2016), *citing J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (2004) (citations omitted). Plaintiff asserts Souily-Lefave falsely represented she was having financial troubles arising from issues with her ex-husband and, therefore, she could not pay for her half of a photo shoot; however, Souily-Lefave told Plaintiff she would reimburse Plaintiff later despite never planning to do so. ECF No. 1-1 at 3, 6. In doing so, Plaintiff pleads Souily-Lefave made a false representation, knowing it was false, which fulfills the first two requirements to state a fraud in the inducement claim.

Plaintiff further alleges Souily-Lefave made false representations to manipulate Plaintiff into participating in the photo shoot incurring all costs up front. *Id.* Plaintiff says Souily-Lefave intended for Plaintiff to rely on her false representations thus fulfilling the third element of a fraud in the inducement claim. Regarding justifiable reliance, Nevada law requires Plaintiff show "the alleged false representation played a material and substantial part in leading the plaintiff to adopt his or her particular choice." *Las Vegas Metro. Police Dep't v. Harris Corp., M/A Com*, Case No. 2:13-CV-01780-GMN-VCP, 2015 WL 895054, at *4 (D. Nev. Mar. 3, 2015), *citing Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1155 (9th Cir. 2005). Plaintiff alleges Defendant's misrepresentations

---

[2] Because Plaintiff adequately states a claim for copyright infringement under the Copyright Act of 1976, the Court has federal question jurisdiction over this matter. *Whyte Monkee Prods. LLC v. Netflix, Inc.*, No. 23-CV-03438-PCP, 2024 WL 1645455, at *2 (N.D. Cal. Apr. 16, 2024). As for Plaintiff's state law claims, "the Court can properly exercise supplemental jurisdiction over those claims since they are part of the same case or controversy." *Id.* at *5, citing 28 U.S.C. § 1367.

3

"prompted" and manipulated Plaintiff to participate in the photo shoot and pay costs upfront. ECF No. 1-1 at 3, 6. These allegations are sufficient to state the fourth element of a fraud in the inducement claim as Plaintiff alleges Souily-Lefave's misrepresentations played a substantial part in Plaintiff adopting her choices.

The fifth requirement to state a fraud in the inducement claim requires Plaintiff to allege she suffered damages as a result of the photo shoot which was undertaken based on Plaintiff's reliance on Souily-Lefave's misrepresentations. *Id.* at 8. Plaintiff alleges she suffered $30,000 in damages thereby meeting the fifth and final requirement to state a fraud in the inducement claim. *Id.* at 8.

Based on the foregoing, Plaintiff's fraud in the inducement claim may proceed.

C.    Perjury under NRS 199.120.

NRS 199.120 establishes perjury as a criminal offense. Plaintiff attempts to state a claim for damages under this statute, which does not provide any private right of action. *Klaneski v. Malco Enterprises of Nevada, Inc.*, Case No. 2:21-CV-00651-APG-DJA, 2021 WL 8894485, at *1 (D. Nev. Sept. 21, 2021) ("there is no private right of action by which a private citizen could sue for damages under [NRS 199.120]."). Because it is impossible to state a claim for damages under NRS 199.120, the Court recommends Plaintiff's perjury claim be dismissed with prejudice.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's copyright infringement under the Copyright Act of 1976 and fraud inducement claims may proceed.

4

## V. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's perjury under NRS 199.120 claim be DISMISSED with prejudice.

DATED this 10th day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).