UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AURORE SIMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ASSIA SOUILY-LEFAVE et al.<br><br>　　　　Defendants. | Case No. 2:24-cv-00831-CDS-EJY<br><br>**AMENDED ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Aurore Sims' Application to Proceed *in forma pauperis* and Complaint. ECF Nos. 1, 1-1. This Order and Report and Recommendation amends ECF Nos. 3 and 6.

**I.   Application to Proceed *in forma pauperis***

Plaintiff submitted the affidavit and documentation required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Thus, Plaintiff's request to proceed *in forma pauperis* is granted below.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

### III. Plaintiff's Complaint

Plaintiff's Complaint avers claims for copyright infringement under the Copyright Act of 1976, fraud inducement, and perjury under NRS 199.120. ECF No. 1-1.[1]

    A.    <u>Copyright infringement</u>.

Plaintiff alleges Defendant Assia Souily-Lefave ("Souily-Lefave") posted Plaintiff's photograph on the Instagram page of Souily-Lefave's business (Around Vegas LLC-1 Day In Las Vegas[2]) without Plaintiff's permission thereby infringing on Plaintiff's copyright in violation of the Copyright Act of 1976. *Id.* at 3-5. To establish copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Stewart v. Warner Bros.*, Case No. 2:12-CV-01875-PMP-GWF, 2013 WL 1249603, at *2 (D. Nev. Mar. 4, 2013), *aff'd sub nom. Stewart v. Warner Bros. Ent.*, Case No. 2:12-CV-01875-PMP, 2013 WL 1249599 (D. Nev. Mar. 25, 2013) *citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "To plead ownership, [a plaintiff] must plausibly allege it owns a valid copyright registration for its work." *Barnes v. T.V. Network*, Case No. 1:20-CV-01331-NONE-EPG (PC), 2020 WL 6342787, at *4 (E.D. Cal. Oct. 29, 2020), *report and recommendation adopted*, Case No. 1:20-CV-01331-NONE-EPG (PC), 2020 WL 7319367 (E.D. Cal. Dec. 11, 2020), *quoting Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019). "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017), *citing Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1110 (9th Cir. 1998).

Plaintiff claims she had copyright to the photograph Souily-Lefave posted on Around Vegas' Instagram page, and includes a copy of the certificate of registration from the U.S. Copyright Office as an exhibit to her Complaint. ECF No. 1-1 at 3-5, 14. Based on Plaintiff's demonstrated copyright registration, Plaintiff satisfies the first requirement to state a copyright infringement claim.

When a defendant copies and posts copyrighted photographs online without the copyright owner's permission, the defendant engages in actionable copying. *Nat'l Photo Grp., LLC v. Pier*

---

[1] Plaintiff claims copyright infringement against both Defendants, but asserts fraud inducement and perjury solely against Assia Souily-Lefave.
[2] Around Vegas LLC-1 Day in Las Vegas is hereinafter referred to as "Around Vegas."

2

*Corp.*, Case No. SACV 13-1165-DOC (JPRx), 2014 WL 12576641, at *2 (C.D. Cal. Mar. 10, 2014). Plaintiff alleges Souily-Lefave posted the copyrighted photograph, without Plaintiff's permission, on Around Vegas' Instagram page. ECF No. 1-1 at 5. Thus, the Court finds Plaintiff satisfies the second requirement for copyright infringement. Given that the pleading requirements for copyright infringement are met, Plaintiff's copyright infringement claim against Souily-Lefave and Around Vegas may proceed.[3]

B. <u>Fraud inducement</u>

To state a claim for fraud inducement Plaintiff must plead: "(1) the defendant made a false representation; (2) the defendant had knowledge or a belief the representation was false; (3) the defendant intended to induce the plaintiff to rely on the representation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered damages as a result of this reliance." *Kitchen v. Select Portfolio Servicing, Inc.*, Case No. 2:15-CV-02297-RCJ-PAL, 2016 WL 730756, at *3 (D. Nev. Feb. 23, 2016), *citing J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (2004) (citations omitted). Plaintiff asserts Souily-Lefave falsely represented she was having financial troubles arising from issues with her ex-husband and, therefore, she could not pay for her half of a photo shoot; however, Souily-Lefave told Plaintiff she would reimburse Plaintiff later despite never planning to do so. ECF No. 1-1 at 3, 6. In doing so, Plaintiff pleads Souily-Lefave made a false representation, knowing it was false, which fulfills the first two requirements to state a fraud in the inducement claim.

Plaintiff further alleges Souily-Lefave made false representations to manipulate Plaintiff into participating in the photo shoot incurring all costs up front. *Id.* Plaintiff says Souily-Lefave intended for Plaintiff to rely on her false representations thus fulfilling the third element of a fraud in the inducement claim. Regarding justifiable reliance, Nevada law requires Plaintiff show "the alleged false representation played a material and substantial part in leading the plaintiff to adopt his or her particular choice." *Las Vegas Metro. Police Dep't v. Harris Corp., M/A Com*, Case No. 2:13-CV-

---

[3] Because Plaintiff adequately states a claim for copyright infringement under the Copyright Act of 1976, the Court has federal question jurisdiction over this matter. *Whyte Monkee Prods. LLC v. Netflix, Inc.*, No. 23-CV-03438-PCP, 2024 WL 1645455, at *2 (N.D. Cal. Apr. 16, 2024). As for Plaintiff's state law claims, "the Court can properly exercise supplemental jurisdiction over those claims since they are part of the same case or controversy." *Id.* at *5, citing* 28 U.S.C. § 1367.

3

01780-GMN-VCP, 2015 WL 895054, at *4 (D. Nev. Mar. 3, 2015), *citing Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1155 (9th Cir. 2005). Plaintiff alleges Souily-Lefave's misrepresentations prompted her to participate in the photo shoot and pay costs up front. ECF No. 1-1 at 3, 6. These allegations are sufficient to establish the fourth element of fraud in the inducement as Plaintiff contends Souily-Lefave's misrepresentations played a substantial part in Plaintiff adopting her choices.

The fifth requirement to state a claim for fraud in the inducement requires Plaintiff to allege she suffered damages as a result of the photo shoot which was undertaken based on Plaintiff's reliance on Souily-Lefave's misrepresentations. *Id.* at 8. Plaintiff alleges she suffered $30,000 in damages thereby meeting the fifth and final requirement to state a claim for fraud in the inducement. *Id.* at 8.

Based on the foregoing, Plaintiff's claim for fraud in the inducement against Souily-Lefave may proceed.

    C.    <u>Perjury under NRS 199.120</u>.

NRS 199.120 establishes perjury as a criminal offense. Plaintiff attempts to state a claim for damages under this statute, which does not provide any private right of action. *Klaneski v. Malco Enterprises of Nevada, Inc.*, Case No. 2:21-CV-00651-APG-DJA, 2021 WL 8894485, at *1 (D. Nev. Sept. 21, 2021) ("there is no private right of action by which a private citizen could sue for damages under [NRS 199.120]."). Because it is impossible to state a claim for damages under NRS 199.120, the Court recommends Plaintiff's perjury claim against Souily-Lefave be dismissed with prejudice.

**IV.**    **Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's copyright infringement under the Copyright Act of 1976 claims against Defendants Assia Souily-Lefave and Around Vegas LLC-1 Day in Las Vegas may proceed.

IT IS FURTHER ORDERED that Plaintiff's fraud inducement claim against Defendant Assia Souily-Lefave may proceed.

IT IS FURTHER ORDERED that the Clerk of Court **must** issue Summonses for Defendants Assia Souily-Lefave and Around Vegas LLC-1 Day in Las Vegas.[4]

IT IS FURTHER ORDERED that the Clerk of Court **must** send two copies each of this Order, Plaintiff's filed Complaint, and the Summons to the U.S. Marshal for service on Defendants Assia Souily-Lefave and Around Vegas LLC-1 Day in Las Vegas.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff two USM-285 forms, together with a copy of this Order.

IT IS FURTHER ORDERED that Plaintiff **must** complete the USM-285 forms for Defendants Assia Souily-Lefave and Around Vegas LLC-1 Day in Las Vegas and return the same to the U.S. Marshal no later than **June 24, 2024** for service. The completed USM-285 forms may be mailed to:

>   Gary G. Schofield
>   U.S. Marshal, District of Nevada
>   Lloyd D. George Federal Courthouse
>   333 Las Vegas Blvd. S., Suite 2058
>   Las Vegas, Nevada 89101

IT IS FURTHER ORDERED that the U.S. Marshal **must** attempt to effect service of this Order, Plaintiff's filed Complaint, and the Summons on Defendants Assia Souily-Lefave and Around Vegas LLC-1 Day in Las Vegas no later than **twenty-one (21)** days after receipt of the completed USM-285 forms.

IT IS FURTHER ORDERED that within **twenty (20) court days** after Plaintiff receives copies of the USM-285 forms from the U.S. Marshal that show whether service was accomplished, Plaintiff must file a notice with the Court identifying whether Defendants were served. If Plaintiff wishes to have service attempted again on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and providing more detailed information regarding the unserved defendant's name and/or address, or whether service should be attempted in some other manner. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within **ninety (90) court days** from the date this Order is entered.

---

[4] As of the date of this Amended Order and Report and Recommendation, the Clerk of Court has already separately filed Plaintiff's Complaint. ECF No. 7.

5

IT IS FURTHER ORDERED that hereinafter Plaintiff **must** serve Defendants, or, if appearance is entered by counsel, upon Defendants' counsel, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff will include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or Defendants' counsel. The Court may disregard any paper received by a District or Magistrate Judge that is not filed with the Clerk, and any paper received by a District or Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, Plaintiff's claims against Defendants may be subject to dismissal for failure to complete service of process pursuant to Fed. R. Civ. P. 4(m).

**V.     Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's perjury under NRS 199.120 claim against Assia Souily-Lefave be DISMISSED with prejudice.

DATED this 28th day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days of the date of this Amended Order and Report and Recommendation. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).