UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Aurore Sims,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Assia Souily-Lefave, et al.,<br><br>　　　　　　Defendants | Case No. 2:24-cv-00831-CDS-EJY<br><br>**Order Adopting the Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 3, 8] |

　　　Pro se plaintiff Aurore Sims initiated this copyright infringement action by applying to proceed *in forma pauperis* (IFP) together with her complaint against defendants Assia Souily-Lefave and Around Vegas LLC-1 Day in Las Vegas. ECF Nos. 1; 7. Magistrate Judge Elayna Youchah reviewed Sims's complaint and issued an order and report and recommendation (R&R) granting Sims's IFP application and allowing her copyright infringement and fraudulent inducement claims to proceed. ECF Nos. 3; 8.[1] However, Judge Youchah recommends that I dismiss Sims's perjury claim under NRS 199.120 with prejudice. ECF No. 8 at 4.

　　　The Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Sims did not file any objections to the R&R but did file a "response". ECF Nos. 4; 11.[2] In this "response," Sims noted that she agrees with Judge Youchah's findings, including the dismissal of her perjury claim, but listed several omitted "critical details" that she believes "are vital for a complete understanding of the case." ECF No. 11 at 1–2. For example, under a subheading paragraph of "Exploitative Intent and Revenge," Sims states that "Mrs.

---

[1] Judge Youchah filed an amended order and R&R refining against which defendants each claim could proceed and instructing the Clerk of Court to issue summons for the defendants. ECF No. 8. For clarity of the record, I refer only to her amended order throughout this order.

[2] Sims's responses to the original order and R&R and the amended are identical. For clarity of the record, I refer only to her second-filed response throughout this order (ECF No. 11).

Souily-Lefave's actions were driven by a desire for revenge against her ex-husband" and that "[Mrs. Souily-Lefave's] primary motive was to exploit Mrs. Sims until the customs border reopened, rather than any genuine business interest." *Id.* at 2. Because Sims agrees with Judge Youchah's ultimate findings, I do not construe her motion to be an objection and make no ruling or decision on Sims's statements. Sims is reminded that a screening order is not intended to be a comprehensive recapitulation of the factual basis for a plaintiff's claims. The court notes, however, that Sims's fraudulent inducement claim does appear to be broader than the order and R&R's discussion of the photoshoot and clarifies for the record that the full extent of Sims's fraudulent inducement claim may be ascertained during discovery and motion practice.

I.  **Legal Standard**

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Reyna-Tapia*, 328 F.3d at 1121 ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR IB 3-2(b). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

II.  **Discussion**

While review of Judge Youchah's R&R is not required here because Sims did not file objections, I nonetheless conducted a de novo review and agree with Judge Youchah's findings.

2

### A. Copyright infringement

Sims alleges Souily-Lefave posted Sims's copyrighted photo, without permission, to the Instagram page of Souily-Lefave's business (Around Vegas LLC- 1 Day In Las Vegas), thereby infringing on Sims's copyright. Compl., ECF No. 7 at 5. Judge Youchah screened this claim and ordered that it be allowed to proceed. ECF No. 8 at 2–3. I agree.

To establish a claim for copyright infringement under the Copyright Act of 1976, a plaintiff must allege (1) ownership of a valid copyright and (2) that the defendant copied constituent elements of the work that are original. *Stewart v. Warner Bros.*, 2013 WL 1249603, at *2 (D. Nev. Mar. 4, 2013), *aff'd sub nom. Stewart v. Warner Bros. Ent.*, 2013 WL 1249599 (D. Nev. Mar. 25, 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Sims alleges that she held the copyright of the photo and includes a copy of the certificate of registration from the U.S. Copyright Office as an exhibit to her complaint. ECF No. 7 at 3–5, 14. "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017) (citing *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1110 (9th Cir. 1998)). Accordingly, at this stage, I find the first element soundly met.

Sims also alleges that Souily-Lefave posted Sims's photo online and includes a screenshot of Sims's photo appearing on the Instagram page of Souily-Lefave's business. ECF No. 7 at 19–20. Under the Copyright Act of 1976, copyright holders have the exclusive right to display their copyrighted works publicly. 17 U.S.C. § 106(5). Since Sims alleges that Souily-Lefave publicly displayed a copy of her photo, Sims has sufficiently alleged a copying of her work. For those reasons, I agree with Judge Youchah's findings that this claim should proceed.

### B. Fraudulent inducement

Sims alleges that Souily-Lefave made numerous misrepresentations to Sims over the course of their business partnership, resulting in financial and reputational harm to her. One piece of this is that Souily-Lefave allegedly falsely promised to repay Sims for Souily-Lefave's half

3

of a photoshoot, inducing Sims to participate in and pay for the shoot, although Souily-Lefave never intended to, and never did, pay her back. ECF No. 7 at 3, 6. Judge Youchah screened this claim and found that it should proceed. ECF No. 8 at 3–4. I agree.

To a state a claim for fraudulent inducement, a plaintiff must show that "(1) the defendant made a false representation; (2) the defendant had knowledge or a belief the representation was false; (3) the defendant intended to induce the plaintiff to rely on the representation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered damages as a result of this reliance." *Kitchen v. Select Portfolio Servicing, Inc.*, 2016 WL 730756, at *3 (D. Nev. Feb. 23, 2016) (citing *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004)).

### 1. *False representation*

Sims alleges that Souily-Lefave induced her to incur the upfront costs for a photoshoot by spinning a false narrative about her marital and financial situation, while assuring Sims that she would repay her, though she never did and never intended to, constituting a false representation. ECF No. 7 at 3, 6.

### 2. *Belief of falsity*

Sims's allegations plausibly indicate that Souily-Lefave knew her statements were false at the time she made them. ECF No. 7 at 6. It appears that, instead of repaying the money for the photoshoot on the monthly schedule as promised, Souily-Lefave allegedly spent money on leisurely activities, *id.* at 3, 6, leading to a reasonable inference that she never intended to repay Sims in the first place.

### 3. *Intent to induce reliance*

Sims's allegations concerning Souily-Lefave's elaborate "false narrative," in which she spent "countless hours on the phone with [Sims] discussing the supposed wrongs her ex-husband committed," support an inference that Souily-Lefave intended Sims to believe her and rely on her false statements in paying for her half of the photoshoot. ECF No. 7 at 6. Sims also

alleges that Souily-Lefave needed money for her visa, providing further motive for her intent to induce financial assistance from Sims under false pretenses. *Id.* at 4

### 4. Justifiable reliance

To establish the justifiable reliance element, a plaintiff must both rely on the representation and be justified in doing so. To show a plaintiff relied on a representation, that representation must have "played a material and substantial part in leading the plaintiff to adopt [their] particular choice." *Las Vegas Metro. Police Dep't v. Harris Corp., M/A Com*, 2015 WL 895054, at *4 (D. Nev. Mar. 3, 2015) (citing *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1155 (9th Cir. 2005)). Sims alleges that she covered all expenses for the photoshoot because Souily-Lefave agreed to reimburse her for half of the cost. ECF No. 7 at 3, 6. Thus, Sims relied on Souily-Lefave's promise of repayment and appears to have only paid for the shoot because of it. *See id.*

The test for whether an individual is justified in relying on a representation is whether the representation "would serve as a danger signal and a red light to any normal person of [the party's] intelligence and experience." *Slaughter v. Coffing*, 133 Nev. 1075, 1075 n.2 (Nev. App. 2017) (citing *Collins v. Burns*, 741 P.2d 819, 821 (Nev. 1987)). The allegations support an inference of justifiable reliance because Souily-Lefave allegedly spent "countless hours" manipulating Sims into seeing Souily-Lefave as a victim of her ex-husband and gave her no obvious red flags that repayment was not forthcoming. ECF No. 7 at 6.

### 5. Damages

It is somewhat unclear on the face of the complaint exactly how much in damages Sims claims to have suffered as a result of Souily-Lefave's fraudulent inducement. ECF No. 7 at 8. However, it is clear that she is alleging *some* amount of damages directly stemming from the fraudulent inducement, thus satisfying the fifth element.

For the foregoing reasons, Sims pled sufficient facts supporting all five elements of fraudulent inducement to survive the screening stage.

### C. Perjury

Finally, Sims brings a perjury claim against Souily-Lefave. ECF No. 7 at 7. Judge Youchah recommended that I dismiss this claim with prejudice because perjury is a criminal offense under NRS 199.120, which does not provide a private right of action. ECF No. 8 at 4; *Klaneski v. Malco Enterprises of Nevada, Inc.*, 2021 WL 8894485, at *1 (D. Nev. Sept. 21, 2021) ("[T]here is no private right of action by which a private citizen could sue for damages under [NRS 199.120]."). Sims does not object to the recommendation. I agree with Judge Youchah and therefore dismiss this claim with prejudice.

### III. Conclusion

IT IS THEREFORE ORDERED that the orders and report and recommendations **[ECF Nos. 3, 8] are AFFIRMED and ADOPTED in their entirety**. As set forth above, Sims's copyright infringement claim under the Copyright Act of 1976 and fraudulent inducement claim may proceed and Sims's perjury claim is dismissed with prejudice.

Dated: June 24, 2024

_____
Cristina D. Silva
United States District Judge

6