UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Aurore Sims,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>Assia Souily-Lefave, et al.,<br><br>　　　　　Defendants | Case No.: 2:24-cv-00831-CDS-EJY<br><br>**Order Denying Plaintiff's Motion for Default Judgment**<br><br>[ECF No. 34] |

　　　Plaintiff Aurore Sims moves for default judgment against defendants Around Vegas, LLC and Assia Souily-Lefave. ECF No. 34. I deny the motion because default is not appropriate, and a default judgment cannot be entered against defendants.

I.　Discussion

　　　In May 2024, Magistrate Judge Elayna Youchah screened Sims's complaint and allowed her copyright infringement and fraudulent inducement claims to proceed. Order, ECF Nos. 3; 8. The summons were issued on May 30, 2024. ECF No. 9. Around Vegas was properly served on June 21, 2024 (ECF No. 18), thereafter making its first appearance on July 11, when it moved to dismiss Sims's complaint (ECF No. 24). To date, Souily-Lefave remains unserved. Sims argues that the defendants are in default because they failed to address her copyright infringement claim. ECF No. 34 at 9–11.

　　　Sims seeks default judgment against both defendants under Federal Rule of Civil Procedure 55(b)(2). However, Rule 55 requires a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that Rule 55 requires a two-step process). The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment. *See* Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than a sum certain must apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

Sims failed to follow the proper procedure for entry of default and default judgment. She moved the court for default judgment without first seeking entry of default from the clerk, thus her motion for default judgment can be denied on that basis alone. But, even if Sims had moved for clerk's entry of default, such an entry of default is only appropriate when a defendant "has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Although Around Vegas has not answered the complaint, it did file a motion to dismiss. *See* ECF No. 24. While this motion is not considered to be a responsive pleading, Rule 12 permits such motions to be raised prior to filing a responsive pleading. *See* Fed. R. Civ. P. 12(b) (a motion asserting a Rule 12(b)(6) defense must be brought prior to filing a responsive pleading). Therefore, Around Vegas has indicated an intent to defend in this action and therefore the entry of default and default judgment is inappropriate at this juncture.

Further, Sims has not yet met the technical requirements for serving Souily-Lefave. A plaintiff must serve defendants within 90 days of filing a complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to do so, the action must be dismissed without prejudice against the defendant, or the court must order that service be made within a specified time. *Id.* Judge Youchah has ordered the U.S. Marshals Service to attempt to serve Souily-Lefave on two more occasions. Order, ECF No. 21. Because Souily-Lefave is not properly served, entry of default judgment for failure to respond is inappropriate.

II.     Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment **[ECF No. 34] is DENIED.**

Dated: August 8, 2024

_____
Cristina D. Silva
United States District Judge