UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AURORE SIMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASSIA SOUILY-LEFAVE; AROUND VEGAS, LLC-1 DAY IN LAS VEGAS,<br><br>　　　　　Defendants. | Case No. 2:24-cv-00831-CDS-EJY<br><br>**ORDER** |

　　　Pending before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 86. As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Plaintiff fails to establish exceptional circumstances as the Court finds there is limited likelihood that she will be successful on the merits of her case. Further, while the Court is not unsympathetic to Plaintiff's health issues, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989).

　　　Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 86) is DENIED.

　　　DATED this 3rd day of December, 2024.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　ELAYNA J. YOUCHAH
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE