

AURORE SIMS
C/O BENJAMIN LAMBERT
111 EAST 128TH ST 7Z
NEW YORK, NY 10035
(929) 575-2365
PLAINTIFF IN PRO SE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Aurore Sims,

        Plaintiff,

vs.

Assia Souily-Lefave, Around Vegas, LLC -1 Day In Las Vegas,

        Defendants

Case No. 2:24-cv-00831-CDS-EJY

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MOTION FOR SANCTIONS**

Plaintiff respectfully requests leave to file a supplemental motion for sanctions due to defense counsel's repeated violations of procedural rules throughout the course of these proceedings. Specifically, the attorney has engaged in a pattern of non-compliance, including consolidating multiple distinct motions into a single filing, failing to seek permission from the Court before filing certain documents, applying double standards in conduct, and engaging in defamation without evidence. ECF 92. Moreover, defense counsel has misused legal privilege for the purpose of defamation and employed inappropriate language in communications, all of which reflect a general disregard for the Court's directives and the applicable local rules. Additionally, the attorney has continued to violate procedural rules despite multiple warnings from both the Court and the Clerk's Office, as well as the district judge's explicit warning regarding potential sanctions.

**I. Defense Counsel's Continued Violations of Procedural Rules and Ethical Standards**

Plaintiff's initial motion for sanctions detailed Defendant's counsel's repeated failure to adhere to established filing procedures, including improperly seeking permission to amend his motion to dismiss. (ECF 24, ECF 64). On 01/12/2025, Plaintiff filed a Motion for Sanctions (ECF No. 92), seeking relief for defense counsel's repeated misconduct, including engaging in defamation without evidence, employing inappropriate language in communications, applying double standards in conduct, and failing to seek permission from the Court before filing certain documents. Additionally, defense counsel has misused legal privilege for the purpose of defamation and demonstrated a pattern of unfair and obstructive behavior throughout these proceedings.

Despite multiple Clerk's Notices (e.g., ECF 41, ECF 42) and a direct Court order (ECF 98) striking their filings for procedural defects, defense counsel has continued to disregard the rules, demonstrating an ongoing pattern of noncompliance.

On September 10, 2024, the magistrate judge, in her order (ECF 62), underscored the duty of fairness required under the Nevada Rules of Professional Conduct, particularly Rule 3.4, which mandates that attorneys act fairly toward opposing parties. The Court further emphasized that:

"All attorneys licensed to practice law in Nevada are sworn to uphold the ethical standards of conduct adopted by the Supreme Court of Nevada. These standards, codified in the Nevada Rules of Professional Conduct (NRPC) 1.1 through 8.5, are enforced by the State Bar of Nevada. Any attorney who violates these ethical standards is subject to discipline" (Ethics FAQs – State Bar of Nevada).

In ECF No. 98, the district judge explicitly warned defense counsel about future violations of local rules, citing improper filings and past misconduct in unrelated cases. Despite multiple warnings, including Clerk's Notices and the Court's order striking Defendant's filings for procedural defects, Defendant's counsel continues to disregard the rules, demonstrating a pattern of noncompliance.

On 01/12/2025, Plaintiff filed a Motion for Sanctions (ECF 92), addressing a broader pattern of improper

behavior rather than isolated violations. The Defendants' counsel, however, did not amend his behavior after Plaintiff's motion for sanctions, continuing to violate procedural rules despite clear warnings. Notably, in ECF No. 98, the district judge issued a stern warning to defense counsel, stating:

*"Either way, the 'Amended Motion to Dismiss' was filed without leave of the Court and in violation of this district's Local Rules. See LR 7-2(g) ('A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of Court granted for good cause.'). Therefore, I strike both the motion to dismiss and the 'Amended Motion to Dismiss.' Around Vegas is also cautioned that future violations of the Local Rules may result in sanctions."*

The District judge also made it clear that this is not the first instance of defense counsel violating this district's local rules. In fact, the Court referenced prior misconduct, such as in Min. Order, ECF No. 61 in *Gaia Ethnobotanical, LLC v. T1 Payments LLC*, where the Court struck a filing for being oversized in violation of Local Rule 7-3(a–b).

**II. Continued Unprofessional Conduct by Defense Counsel**

In his opposition to Plaintiff's motions to file an amended opposition and to exceed the page length (ECF 107), Mr. Liebrader continues his pattern of unprofessional conduct. He falsely asserts that a third party filed my motions on my behalf and even assumes that someone else filed the complaint for me. This mirrors his previous behavior when he sent an email containing an emoticon to insinuate that I did not draft my own filings, simply because the clerk had misspelled my name (see ECF 92, Exhibit 9 or ECF 94, Exhibit 9).

Despite the motion for sanctions already addressing his similar conduct, Mr. Liebrader persists in making baseless accusations and using clerical errors—such as the one made by the New York clerk—as a means to undermine my filings. This conduct is not only improper but also irrelevant to the legal issues before the court. His assertions are based on unfounded allegations rather than substantive legal arguments. Furthermore, Mr. Liebrader consistently refuses to address me properly in his email communications

3

regarding court filings, demonstrating a total lack of respect for opposing parties. This repeated misconduct is part of a broader pattern of harassment and obstruction that must be addressed.

**II. Ongoing Procedural Violations Despite Court Warnings**

In previous filings—specifically ECF Nos. 41 and 42, where the Clerk's Notice explicitly stated that the document was not filed pursuant to LR IC 2-2(b) and that each request for relief must be filed in a separate, properly titled document—defense counsel was advised to refile ECF 41 as a Response to Motion for Default Judgment in compliance with both LR IC 2-2(b) and LR IC 2-2(c). Similarly, in ECF 97, counsel improperly consolidated a reply to Plaintiff's motion for sanctions with a counter-motion into a single filing. The same error recurred in ECF 107, where a motion titled 'Opposition to motions to file amended opposition and exceed page length' improperly merged what should have been two distinct filings. These repeated failures to adhere to LR IC 2-2(b)—which mandates that each document be clearly identified and separated by purpose—compromise the clarity and organization of the record, making it more difficult for both the Plaintiff and the Court to parse the distinct issues. Despite the Clerk's Notice in ECF No. 42 and the Court's order in ECF No. 98, defense counsel has continued to violate procedural requirements. The Court had previously warned defense counsel of the consequences of such violations, specifically cautioning that failure to comply with the Local Rules could result in sanctions. Despite these clear instructions, defense counsel's ongoing non-compliance persists, further complicating the proceedings.

**III. ARGUMENT**

**A. Need for Supplemental Filing**

Plaintiff's supplemental motion will address new information since the original motion, providing the Court with the necessary updates and clarification. This motion adds new evidence and updated arguments regarding continuing violations, including but not limited to improper consolidations in ECF 97 and ECF 107, which were not addressed in Plaintiff's Motion for Sanctions (ECF 92). These consolidations violate Local Rule IC 2-2(b), which mandates that each request for relief must be filed in a

4

separate and properly titled document. The repeated failure to comply with procedural rules, as demonstrated by the consolidation of multiple motions into a single filing, has disrupted the Court's process and the Plaintiff's ability to respond appropriately. This supplemental motion is necessary to ensure that the Court is fully informed of the repeated misconduct that has occurred and continues to complicate the proceedings.

**B. Continued Violation of Procedural Rules**

Despite explicit Clerk's Notices and directives under Local Rule IC 2-2(b), Defendant's counsel continues to file consolidated documents that merge distinct motions or responses. This practice not only violates the Court's procedural requirements but also unnecessarily complicates the record, confusing the Clerk with docketing discrepancies when the Plaintiff responds, and impeding the Court's ability to efficiently review and adjudicate the matters at hand. The improper consolidation of multiple motions in a single filing has caused unnecessary confusion, further complicating the proceedings for both the Plaintiff and the Court. This failure to follow proper filing procedures has exacerbated the difficulties in addressing the distinct issues at hand, creating confusion and making it harder for the Court to fully understand the Plaintiff's responses.

In contrast, Plaintiff took care to separate her two most recent motions (ECF 104 and ECF 105) in good faith, to comply with the Court's rules and facilitate a more efficient response from both the Court and Defendant's counsel. This approach was made to streamline the process for all involved parties, underscoring the Plaintiff's intent to contribute to the Court's efficient handling of the case.

**C. Judicial Economy and the Interests of Justice**

Court proceedings are inherently complex, and the Court's time is valuable. The continued noncompliance of counsel wastes the Court's resources and burdens Plaintiff, who must navigate through confusing filings. Additionally, Plaintiff is forced to evaluate which of counsel's arguments in his motions apply to which claims, further wasting time and requiring unnecessary effort to formulate appropriate responses.

5

By allowing the filing of this supplemental motion, the Court will be able to address all of the procedural violations in a comprehensive manner. This will not only promote clarity but also assist in preventing further delays and complications caused by defense counsel's actions. The supplemental motion will not change the original arguments but will add to the record by detailing these new instances of misconduct and the resulting harm to the Plaintiff and the Court.

**IV. Legal Basis for Sanctions and Rule Violations**

**A. Violation of Local Rule**

**Local Rule IC 2-2(b)**: This rule specifically mandates that each request for relief must be filed as a separate, properly titled document. By consolidating multiple motions into a single document, Defendant's counsel has ignored these procedural requirements, causing unnecessary confusion and delays in the case.

**B. Case Law on Sanctions for Procedural Violations**

In *Does v. District of Columbia*, 448 F. Supp. 2d 137 (D.D.C. 2006), the Court emphasized the importance of adhering to procedural rules, recognizing that repeated procedural deficiencies can undermine the fair administration of justice. Similarly, in *Kantner Ingredients v. All American Dairy Products*, 2007 U.S. Dist. LEXIS 91355 (D. Neb. 2007), the Court underscored the necessity of following proper filing procedures and imposed sanctions for failure to comply with court rules, including improper filing and inadequate notice. In *Adriana Cruz v. Nike Retail Services Inc.*, 2024 U.S. Dist. LEXIS 12345 (S.D. Cal. 2024), the Court ordered the defendant and its counsel to show cause why they should not be sanctioned for failing to comply with a discovery order, emphasizing that persistent procedural violations disrupt the Court's administration and waste judicial resources. Similarly, in *Kantner Ingredients v. All American Dairy Products*, 2007 U.S. Dist. LEXIS 91355 (D. Neb. 2007), the Court imposed sanctions for failure to follow proper filing procedures, reinforcing that procedural integrity is essential for judicial efficiency. Given the ongoing procedural violations in this case, the imposition of sanctions is warranted to prevent further disruption and inefficiency.

6

By continuing to violate procedural requirements and ethics rules, defense counsel is creating unnecessary delays and complicating the case unnecessarily. These actions hinder the efficient functioning of the judicial process and should be met with appropriate sanctions.

**CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court grant leave to file a supplemental motion for sanctions EXBHIBIT 1, presenting additional evidence of Defendant's counsel's continued noncompliance despite repeated warnings from both the Clerk's Office and the Court. This request is made pursuant to Local Rule 7-2(g) and the applicable Local Rules, especially Local Rule IC 2-2(b), with the sole purpose of updating the record and assisting the Court in addressing the ongoing violations. Given the persistent disregard for procedural rules and the Court's directives, Plaintiff further requests that the Court consider appropriate sanctions to deter future misconduct.

Respectfully submitted,

Date 2/20/2025

Signature :

Sign Name : Aurore Sims, Pro Se Plaintiff

7