UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AURORE SIMS, | Case No. 2:24-cv-00831-CDS-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| ASSIA SOUILY-LEFAVE; AROUND VEGAS, LLC-1 DAY IN LAS VEGAS, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Sanctions. ECF No. 92. The Court considered the Motion, the Correction at ECF No. 100, the Opposition at ECF No. 97, the Reply at ECF No. 102, and the Correction to the Reply at ECF No. 101.[1]

**I.   Discussion**

   A.   <u>Compliance with Local Rules and Citation Problems</u>.

Plaintiff's Motion fails to comply with the Court's Local Rule regarding the size of text (*see* LR IA 10-1(3) rendering her 24 page Motion longer than 24 pages—a violation of Local Rule 7-3(b). The Court's review of Plaintiff's citations revealed separate concerns. For example, the Court's efforts to locate Plaintiff's cites to *Miller v. Poretti* and *Graham v. Nyquist*, through a Westlaw search of all state and federal cases, yielded no such cases exist. In addition, Plaintiff cites "*In re Coe*, 903 P.2d 573" on page 5 of her Motion (ECF No. 92 at 5); however, there is no case titled *In re Coe*, which appears at this cite. Instead, the Court discovered *Dansereau v. Ulmer*, 903 P.2d 555 (Alaska, 1985) includes page 573, but has no bearing on the issues Plaintiff brings to the

---

[1] The parties are advised that this Order only addresses Plaintiff's Motion for Sanctions. Defendant's countermotion, appearing in ECF No. 97, is not considered because it was filed in violation of the District's Local Rules. Requesting two forms of relief in one document violates LR IC 2-2(b).
   The parties are warned that they must comply with all Local Rules including, but not limited to, LR IA 10-1(b) requiring that **all PDF documents be filed in a searchable format**. To date, Defendants have not complied with this Rule. The failure to comply with all Local Rules going forward may result in the striking of documents in accordance with LR IA 10-1(d).
   Defendants are further advised that going forward each or both must identify on whose behalf filings are made. There are two Defendants in this action and the repeated failure to identify on whose behalf documents are filed will not be tolerated by the Court. Failure to properly identify the party or parties on whose behalf filings are made will result in striking the filing.

1

Court. Unfortunately, there are numerous other examples of citations by Plaintiff that either reference nonexistent or unrelated cases. *See* ECF No. 92.

After Defendant filed an Opposition to Plaintiff's Motion, Plaintiff filed a Notice of Corrected Citations (ECF No. 100). This filing also fails to comply with LR IA 10-1(3). Further, a review of the corrections show they do not, in fact, correct many of Plaintiff's prior errors. For example, Plaintiff cites *Graham v. Nyquist*, 456 F.2d 171 (2nd Cir. 1974). The case at this cite is titled "*U.S. v. Hamilton*" and is a Third Circuit decision. Plaintiff also re-cites 903 P.2d 573, adding that this is a Nevada Supreme Court decision from 1995. However, the case that includes page 573 in the Pacific Reporter volume 903 was decided by the Supreme Court of Alaska in 1985. It is unclear if Plaintiff is using an artificial intelligence program to generate citations to case law, but she is cautioned that continued similar misrepresentations, even if not intentional, will not be tolerated by the Court.

B.      Plaintiff's Motion Fails to Comply with or Establish a Violation of Rule 11.

Plaintiff's reliance on Federal Rule of Civil Procedure 11 for sanctions is misplaced. First, Plaintiff failed to comply with the safe harbor provision of this Rule before filing her Motion for Sanctions. Specifically, Federal Rule of Civil Procedure 11 contains a safe harbor provision requiring a party seeking sanctions under the Rule to give the opposing party 21 days advance notice to withdraw or correct the filing that prompts the motion for sanctions. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001) (internal citation omitted). Plaintiff does not demonstrate compliance with the safe harbor provision and on that basis Rule 11 sanctions must be denied. *Nat'l Ass'n of Bus. Representatives v. Teamsters Loc. Union 948*, Case No. 1:06-CV-00841 OWW-DLB, 2008 WL 1970748, at *3 (E.D. Cal. May 2, 2008); *Airmotive Cap. Grp. v. Ultramare Singapore Pty, Ltd.*, Case No. CV 00-8281 DT (AJWx), 2002 WL 35644648, at *6 (C.D. Cal. Oct. 15, 2002). Second, the Court notes that to the extent Plaintiff seeks sanctions arising from out of court communications between herself and opposing counsel, Rule 11 does not apply. *NS Int'l Textiles v. Jade Textile, Inc.*, Case No. CV 17-5405-DMG (KSx), 2018 WL 5099478, at *2 (C.D. Cal. June 12, 2018).

   C. <u>Plaintiff Fails to Establish a Basis for Sanctions</u>.

   Plaintiff complains that defense counsel does not respond to her queries. ECF No. 100 at 3-4. If Plaintiff believes defense counsel is acting in a manner contrary to the Rules of Professional Conduct she is free to file a complaint with the Nevada State Bar; however, the facts presented establish no basis for sanctions. The Court encourages the parties to be responsive and cooperative. Plaintiff is advised to consider her prolific filings, which fail to comply with local and federal rules, create unnecessary work, and results in the unnecessary expenditure of limited resources.

   Plaintiff alleges defense counsel has made defamatory statements in filings before this Court. "Defamation is a publication of a false statement of fact." *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 87 (Nevada 2002). Generally, the elements of a defamation claim include: (1) a false and defamatory statement, (2) an unprivileged publication to a third person of the statement, (3) fault, amounting to negligence, and (4) actual or presumed damages. *Id.* at 90. Communications made as part of a judicial proceeding are absolutely privileged so long as they are in some way pertinent to the subject of the controversy. *Clark Cnty. School Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 502 (Nev. 2009) ("[i]t is a 'long-standing common law rule that communications [made] in the course of judicial proceedings [even if known to be false] are absolutely privileged'") (quoting *Circus Circus Hotels v. Witherspoon*, 657 P.2d 101, 104 (Nev. 1983)); *see also Smith v. Craig*, 2;19-cv-00824-GMN-EJY, 2020 WL 1065715, at *9 (D. Nev. Mar. 4, 2020) (internal citations omitted), *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002). The litigation privilege extends to communications "preliminary to a proposed judicial proceeding" and those made in good faith contemplation of proceedings. *Fink*, 49 P.3d at 644. The Court's review of the communications at issue are, to the best of the Court's ability to glean this information from Plaintiff's original Motion, Corrected Motion, and Defendant's Opposition (ECF Nos. 92, 97, and 100), all relate to the litigation before the Court. *See* ECF No. 97 at 10-18. Thus, Plaintiff's defamation allegations fail to establish a basis for sanctions.

   Plaintiff also alleges that she was not served with ECF No. 74, a reply brief filed in support of Around Vegas, LLC-1's Motion to Dismiss. ECF No. 92 at 1. Plaintiff says defense counsel usually sends her filings by email, but she did not receive an email attaching this filing. The docket

shows Defendant mailed a copy of the Reply on the day it was filed. ECF No. 74 at 10. While the Court appreciates that the U.S. Mail is not as reliable as it once was, there are no facts before the Court demonstrating service was not attempted in good faith. To avoid this problem in the future, the Court recommends the parties consider agreeing, in writing, to serve all Court filings in this matter by email. If agreed by the parties, Plaintiff would be required to scan and email her filings to defense counsel, and defense counsel would be required to scan and email all of Defendants' filings to Plaintiff.

Finally, to the extent Plaintiff seeks sanctions under Rule 37 of the Federal Rules of Civil Procedure, her request fails. No motions to compel or for a protective order was filed, let alone pending, at the time Plaintiff filed her Motion for Sanctions. Plaintiff identifies no outstanding discovery to which Defendants failed to respond. Discovery is now stayed pending the outcome of Defendants' Motions to Dismiss. Thus, there are no facts on which the Court can reasonably base a violation of some obligation that supports Rule 37 sanctions.

## II.    ORDER

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (ECF N0. 92) is DENIED.

DATED this 14th day of April, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE