UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AURORE SIMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ASSIA SOUILY-LEFAVE; AROUND VEGAS, LLC-1 DAY IN LAS VEGAS,<br><br>　　　　Defendants. | Case No. 2:24-cv-00831-CDS-EJY<br><br>**ORDER** |

　　　Pending before the Court is Plaintiff's Motion for Leave to File a Supplemental Motion for Sanctions. ECF No. 108. The Court considered the Motion, Opposition, and Reply. Plaintiff's Motion repeats many of the concerns she raised in ECF No. 92—her Motion for Sanctions that was recently denied.

　　　With respect to Plaintiff's complaints about defense counsel's failure to follow this District's Local Rules, Plaintiff is referred to LR IA 10-1(3) and LR 7-3(b) with which she has not complied. Further, while the Court recognizes Defendants were warned that continued violations of Local Rules could potentially result in sanctions, the Court finds Plaintiff's references to Defendants' violations largely predate that warning.

　　　Regarding Plaintiff's allegations that defense counsel is in violation of Rules of Professional Conduct, the Court finds these violations are insufficient to warrant sanctions under its inherent authority. That is, the Court's inherent authority to sanction requires a finding of bad faith. *Indiezone, Inc. v. Rooke*, 720 Fed.Appx. 333, 337 (9th Cir. 2017). Bad faith may be found when an attorney or pro se party "knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id*. (internal citations omitted); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) ("Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions"). The evidence presented by Plaintiff does not support a finding that Defendants or defense counsel has engaged in reckless, harassing, or frivolous conduct. Plaintiff is nonetheless free to file a complaint with the Nevada State Bar if she feels it is appropriate to do so.

1  Separately, Plaintiff should take note that she continues to rely on non-existent and inapplicable case law for the propositions she puts before the Court. *See*, *e.g.*, ECF No. 108-1 at 4 where Plaintiff cites *Graham v. Nyquist* without a reporter or page cite and, notably, a case the Court could not find despite searching for the same on Westlaw. Continued reliance on non-existent or inapplicable case law may result in sanctions.

Setting these issues aside, the Court is concerned that defense counsel's language may exceed what is appropriate when communicating with Plaintiff. Professionalism is the hallmark of attorney conduct whether addressing the Court, opposing counsel, or a *pro se* litigant. Word choice is important. Defense counsel may be well served by taking a moment to consider the use of words such as, but not limited to, "sickening" and "disgusting." Whatever the heart of this dispute entails, the focus for all parties should be the facts, the law, and application of facts to the law. Ad hominin attacks and continued sniping will not advance any party's position, but instead detracts from the Court's ability to consider the merits.

Returning to Plaintiff's sanctions request, the Court previously explained Rule 11 of the Federal Rules of Civil Procedure does not apply to communications between counsel and Plaintiff outside of court filings. *NS Int'l Textiles v. Jade Textile, Inc.*, Case No. CV 17-5405-DMG (KSx), 2018 WL 5099478, at *2 (C.D. Cal. June 12, 2018). With respect to Plaintiff's bitter and repeated complaints about defense counsel's lack of responsiveness, the Court finds discovery is stayed and, on that basis, it is unclear to what defense counsel should be, but is not, responding. There is no diligence issue the Court can discern.

With respect to defamation, Plaintiff makes numerous comments about individual Defendant's reputation in the wedding industry, accusing her of numerous wrongs and unethical behavior, while claiming defense counsel is engaged in similar inappropriate conduct. Not only is there an absolute litigation privilege that undermines claims of defamation, but, once again, the parties are advised to cease the needless and distracting name calling. All parties risk sanctions if this continues as they will be in violation of 28 U.S.C. § 1927, which allows sanctions against those "who so multipl[y] … the proceedings in any case unreasonably and vexatiously …." The Court

2

1  cannot stress enough that the parties should cease seeking sanctions on meritless bases and return
2  the focus to the merits of this case.
3       Accordingly, the Court finds there is no basis to grant Plaintiff's Motion for Leave to File a
4  Supplemental Motion for Sanctions (ECF No. 108), thus this Motion is DENIED.
5       DATED this 15th day of April, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE