UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AURORE SIMS,

    Plaintiff,

v.

ASSIA SOUILY-LEFAVE; AROUND VEGAS, LLC-1 DAY IN LAS VEGAS,

    Defendants.

Case No. 2:24-cv-00831-CDS-EJY

**ORDER**

    Pending before the Court is Defendants' Motion for Sanctions (ECF No. 120). The Court considered the Motion, Plaintiff's response in the form of a Motion to Strike (ECF No. 121), Defendants' Opposition to the Motion to Strike (ECF No. 122), and Plaintiff's Reply in Support of the Motion to Strike (ECF No. 123). The Motions are denied.

    In Defendants' Motion for Sanctions, they complain about Plaintiff's "scorched earth" litigation tactics, increased demand for damages, meritless motions seeking sanctions, and erroneous case citations. These arguments are largely a repeat of what appeared in Defendants' oppositions to Plaintiff's sanction motions that were denied. ECF Nos. 97, 117, 124, 127. The Court addressed Plaintiff's erroneous case citations and successive motion practice in its April 14, 2025 Order. ECF No. 124. Except for seeking attorney's fees, Defendants offer nothing else in support of their request for sanctions. ECF No. 120.

    As was true for Plaintiff's other motions, her Motion to Strike is not filed in compliance with Local Rule IA 10-1(a)(3). Setting this aside, Plaintiff, like Defendants, rehashes her complaints about Defendants' failures to comply with Local Rules and alleged lack of professional conduct, both of which were addressed by the Court in its prior Order.

    The Court cannot state it more clearly: the parties' focus in this matter is not on getting resolution through consideration of the merits, but on sniping about the failures to conduct this litigation civilly and in compliance with all applicable rules. This leads to the parties engaging in time consuming, unnecessary motion practice. As stated in its April 14, 2025 Order: "All parties risk sanctions if this continues as they will be in violation of 28 U.S.C. § 1927, which allows

sanctions against those 'who so multipl[y] … the proceedings in any case unreasonably and vexatiously ….'" ECF No. 127.

With respect to the competing pending motions, there is neither a basis for sanctions nor a basis to strike the Motion for Sanctions. Sanctions are not readily handed out by this Court. Sanctions are reserved for egregious conduct that violates a court order, fall within Federal Rule of Civil Procedure 37, meet the bad faith standard required for the Court's exercise of inherent authority, or fall under 28 U.S.C. § 1927. While the parties are moving dangerously close to meeting the standards of 28 U.S.C. § 1927, there is no other basis for sanctions at this time.

With respect to the Motion to Strike, the result requested is also unwarranted. "Federal courts generally disfavor motions to strike." *Leeward Capital, L.P. v. Archon Corp.*, 759 F.Supp.2d 1249, 1254 (D. Nev. 2010) (citation omitted). *See also Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) ("motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation"); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996) (motions to strike "are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice"). Plaintiff has not demonstrated a basis to strike Defendants' Motion for Sanctions. The Motion is related to the subject matter of this litigation and, thus, not properly struck.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Sanctions (ECF No. 120) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (ECF No. 121) is DENIED.

DATED this 23rd day of April, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE