UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Aurore Sims,<br><br>　　　　Plaintiff<br><br>v.<br><br>Assia Souily-Lefave et al.,<br><br>　　　　Defendants | Case No. 2:24-cv-00831-CDS-EJY<br><br>**Order Granting in Part and Denying in Part Defendants' Motions to Dismiss**<br><br>[ECF Nos. 76, 99] |

Plaintiff Aurore Sims filed a complaint against defendants Assia Souily-Lefave and Around Vegas LLC-1 Day In Las Vegas ("Around Vegas") alleging violations of (1) copyright infringement; (2) fraud in inducement; and (3) perjury. Compl., ECF No. 7. Pending before the court is defendant Souily-Lefave's motion to dismiss (ECF No. 76), and defendant Around Vegas's motion to dismiss (ECF No. 99). Both motions are fully briefed. *See* Opp'n, ECF Nos. 79, 73; Replies, ECF Nos. 81, 74.[1] For the following reasons, I grant in part and deny in part defendants' motions to dismiss.

**I.　　Background**[2]

Sims's claims arise out of a photoshoot that occurred in 2021. ECF No. 7 at ¶ 6. Sims alleges that she organized a photoshoot with Souily-Lefave, who was a French wedding planner. *Id.* The photoshoot was "specifically intended for publication in a wedding magazine." *Id.* Sims alleges that Souily-Lefave, who usually worked with French clientele, was struggling financially due to the pandemic's effects on the ability to travel internationally. *Id.* Because of these financial difficulties, Sims alleges that she paid for the costs related to the photoshoot and "other

---

[1] Around Vegas had filed a motion to dismiss (ECF No. 24) and an amended motion to dismiss (ECF No. 64) which were stricken. Order, ECF No. 98. Around Vegas was granted leave to re-file its motion to dismiss in one document but Sims was not allowed to provide an amended response. *Id.* This is why the operative motion to dismiss is docketed at ECF No. 99 but Sims's opposition is docketed at ECF No. 73 and the reply is docketed at ECF No. 74.

[2] Any references to the complaint are to provide context and do not indicate a finding of fact.

expenses" upfront, and that all of the vendors, including Sims and Souily-Lefave, agreed to collaborate without compensation. *Id.* Additionally, Sims and Souily-Lefave agreed to split the expenses associated with the photoshoot and any other expenses incurred as a result of Sims's stay in Nevada. *Id.* Sims alleges that because Souily-Lefave did not know how to plan a photoshoot, Sims stepped in and offered to guide her. *Id.* at ¶ 7. Sims alleges she was compelled to help Souily-Lefave after hearing Souily-Lefave speak about her difficult divorce. *Id.* After the photoshoot was done, Sims tried multiple times to receive payment from Souily-Lefave but Souily-Lefave did not pay her. *Id.* at ¶ 8. To recover her payment, Sims filed a claim in small claims court in Henderson, Nevada. *Id.* at ¶ 10. Sims further alleges that Souily-Lefave filed a false counterclaim alleging that she never paid Sims for the photoshoot because Sims never provided her the photos. *Id.* According to Sims, Souily-Lefave in fact does have the photos, because she used one of Sims's photos on the Around Vegas[3] company Instagram page without Sims's permission. *Id.* Sims alleges that despite her persistent attempts to collect the money she believes she is owed, Souily-Lefave has avoided paying her. *See generally id.* at ¶¶ 11–13.

II.     **Legal standard**

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[3] This is identified as Souily-Lefave's company.

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### III. Discussion

Although defendant Souily-Lefave and defendant Around Vegas filed separate motions to dismiss, they put forth the same arguments. Both defendants argue that Sims's complaint should be dismissed because it constitutes improper claim splitting, and the claims are barred by res judicata—also called claim preclusion.[4] Souily-Lefave mot., ECF No. 76 at 6; Around Vegas mot., ECF No. 99 at 7, 12. Sims brings one federal claim: copyright infringement, and two state claims: fraud in the inducement and perjury.

**A. Sims's copyright infringement claim is not barred.**

Defendants argue that Sims's complaint arises from the same set of facts and includes the same parties as her claims in small claims court in Henderson, Nevada (Henderson action), and the three lawsuits filed in the Civil Court of the City of New York.[5] All of Sims's other lawsuits

---

[4] I use the term res judicata instead of claim preclusion as that is what the parties use in their briefing.
[5] I take judicial notice of the following cases: *Aurore Sims v. Assia Souily Lefave*, 23AHO00066; *Aurore Simms v. Assia Souily Lefave*, CV-004782-24/NY; *Aurore Sims v. Around Vegas, LLC*, CV004784-24NY; *Aurore Simms (sic) v. Assia Souily Lefave*, CV-004781-24/NY. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6

3

are filed in state court. Federal courts have exclusive jurisdiction over copyright claims. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."). Res judicata bars relitigation of all claims that "could have been raised in a prior action." *Holcombe v Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). As Sims's copyright infringement claim could not have properly been brought in the Henderson action, it is not barred by res judicata. *ARMDAP, Inc. v. Coast Bus. Sys.*, 1999 U.S. App. LEXIS 19822, at *2 (9th Cir. Aug. 18, 1999). Defendants' motions to dismiss are thus denied as to this claim.

### B.  Sims's state claims are dismissed.

Sims brings claims for perjury and fraud in the inducement in violation of Nevada law. ECF No. 7. Defendants argue that bringing these claims violates the doctrine of claim splitting and that they are barred by res judicata. ECF No. 76 at 6; ECF No. 99 at 7, 11.

As a threshold, Sims's civil claim of perjury cannot survive as there is no private right of action under either federal or Nevada law for perjury. *Motley v. Silva*, 2024 U.S. Dist. LEXIS 107151, at *5–6 (D. Nev. May 28, 2024) (collecting cases). Therefore, it is dismissed with prejudice.

Sims's fraud in the inducement claim is not barred by the doctrine of claim splitting. Defendants argue first that Sims's complaint violates the doctrine of claim splitting because her complaint involves the same parties, same causes of action, and the same facts. ECF No 76 at 7; ECF No. 99 at 8. Claim-splitting is the "notion that a party is 'not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.'" *Cook v. C.R. Eng., Inc.*, 2012 U.S.

---

(9th Cir. 2006) (taking judicial notice of docket filings in a prior case because they are "readily verifiable and, therefore, the proper subject of judicial notice").

Dist. LEXIS 90211, *3 (C.D. Cal. June 21, 2012). However, claim splitting is a doctrine that bars a plaintiff from bringing multiple different suits in *federal* courts. Courts in this circuit have routinely held that the claim splitting doctrine does not apply in situations where one action is brought in state court and the other is brought in federal court. *See Martinez v. Arts*, 2024 U.S. Dist. LEXIS 54223, at *8 (C.D. Cal. Mar. 18, 2024) (collecting cases). The four cases that Sims has already brought are small claims cases in the states of Nevada and New York—they are not federal cases. Therefore, the doctrine of claim splitting does not bar Sims from bringing her fraud in the inducement claim in this court.

Turning now to whether the claim is barred by res judicata, when a party asserts the preclusive effect of a state court judgment, 28 U.S.C. § 1738 requires that a federal court give a state court judgment the same full faith and credit as that judgment would receive under the law of the state in which the judgment was rendered. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). Although claim preclusion is an affirmative defense, a Rule 12(b)(6) motion is an appropriate motion in which to raise these defenses when the defenses raise no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

I note that the three New York small claims cases appear to remain ongoing. *See* ECF No. 79 at 8 ("The cases against Mrs. Souily-Lefave and her business, Around Vegas LLC-1 Day in Las Vegas, are ongoing."). Therefore, as there has been no final judgment, the claim as it relates to the New York cases is not barred by res judicata. *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) ("[O]verlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity . . . .").

The Henderson action culminated in a decision in favor of Souily-Lefave. *See* Henderson just. ct. order, Souily-Lefave Ex. E, ECF No. 76-6 at 2; Around Vegas Ex. B, ECF No. 99-3 at 2. As it is no longer ongoing, res judicata can apply. Res judicata applies when "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Al-*

*Farouk v. Nelson*, 2025 U.S. Dist. LEXIS 73174, at *34 (D. Nev. Apr. 17, 2025) (citing *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (en banc)).

### 1. Sims seeks judgment against the same parties or those in privity.

In this case the parties are the same for purposes of res judicata. Sims is the plaintiff in both this action and the Henderson action. *See* ECF No. 76-6 at 2. Similarly, Assia Souily-LeFave is a defendant in both actions. *See id.* Although Around Vegas was not a party to the Henderson action, I find that it is in privity with Souily-LeFave. "The Ninth Circuit has defined privity as when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Citcon USA, LLC v. MaplePay Inc.*, 2021 U.S. Dist. LEXIS 65074, at *33 (N.D. Cal. Apr. 2, 2021) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002)). "Privity exists if there is sufficient commonality of interests between the parties." *Id.* at 34 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003)). Around Vegas is Souily-LeFave's business. ECF No. 99 at 13 ¶ 4. Sims's current suit against Souily-LeFave and Around Vegas stems from events that occurred during the organizing of and completion of a photoshoot in 2021. *See generally* ECF No. 7. The Henderson action also stems from the same events, involving the same photoshoot, at the same time. *See* Henderson just. ct. compl., Souily-LeFave Ex. A, ECF No. 76-2 at 3; Around Vegas Ex. A, ECF No. 99-2 at 3. I find that Around Vegas was adequately represented by Souily-LeFave in the Henderson action because Souily-LeFave, as the owner of Around Vegas, represented its interests when she defended herself in that lawsuit. Therefore, for purposes of res judicata, this case involves the same parties as the Henderson action.

### 2. There is a valid, final judgment in the Henderson action.

For res judicata to apply, there must also be a "final judgment [that] is valid." *Nationstar Mortg. LLC v. 4039 Meadow Foxtail Dr. Tr.*, 2022 U.S. App. LEXIS 35275, at *3 (9th Cir. Dec. 21, 2022). Sims argues that the Henderson action was dismissed because she did not show up for trial, and therefore it was a procedural dismissal that cannot constitute a final judgment on the

merits. ECF No. 73 at 20; ECF No. 79 at 14. Although it is true that Sims did not attend the hearing, it is incorrect that her absence was why the case was dismissed. Chief Judge Barbara Schifalacqua's order in the Henderson action states:

> This was a trial for a small claims action and counter claim that came before the Court. Aurore Sims was not present for trial. Assia Souily-LeFave and Killian LeFave were present for trial. After review of all the paperwork on file herein, all of the exhibits submitted, and all of the testimony presented, the Court finds as to Aurore Sims Complaint for Small Claims, The Court finds Plaintiff failed to prove any claim by preponderance of evidence. Therefore Plaintiff's Complaint for Small Claims is hereby dismissed.

ECF No. 76-6 at 2; ECF No. 99-3 at 2. Therefore, although the court notes Sims's absence, her absence is not the basis for the dismissal of the complaint. On the contrary, Chief Judge Schifalacqua weighed the evidence before her and made a decision on the merits. Sims had five days to appeal the entry of judgment but did not do so. *See* Nev. Just. Ct. Civ. Pro. R. 98. Therefore, this constitutes a valid final judgment. *Ayers v. Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990) ("A judgment is final once the time for appeal has elapsed.").

### 3. *This action is based on the same claims as the Henderson action.*

Sims's fraud in the inducement claim is likewise based on the same claims filed in the Henderson action. To determine if the claims in the current action are the same as the ones filed in the Henderson action, I consider whether the two suits arise out of the same common nucleus of fact. *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1026 (9th Cir. 2019).[6] To make this determination, the Ninth Circuit uses a "transaction test" and asks, "whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* at 1026–27 (citing *Mpoyo c. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)). Here, the facts associated with the fraud in

---

[6] The Ninth Circuit often looks at other factors as well including (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether the two suits involve infringement of the same right, and (3) whether the same evidence has been presented in both actions. *Media Rts. Techs., Inc.*, 922 F.3d at 1026. However, the common nucleus criterion is the "most important" and "outcome determinative." *Id.* at 1028.

7

the inducement claim are the same facts that the Henderson action was based on—failure to pay for a photoshoot that occurred in 2021. Sims's fraud in the inducement claim in this action is based on the allegation that Souily-LeFave manufactured a sympathetic story to induce Sims to pay for the photoshoot and has not yet paid Sims for the work that she did relating to the photoshoot. *See generally* ECF No. 7. These are virtually the same facts provided in the claim brought in Henderson Justice Court. *See* Henderson just. ct. compl., ECF No. 99-2 at 3 ("The plaintiff loaned money to [Souily-Lefave] for expenses related to a photoshoot and other costs . . . . Despite repeated requests, [Souily-Lefave] has failed to repay the loan linked to the photoshoot and other costs."). "If the harm[s] arose at the same time, then there was no reason why the plaintiff could not have brought [both] claim[s] in the first action. The plaintiff simply could have added a claim to the complaint." *wedi Corp. v. Hydroblok Grand Int'l Ltd.*, 2025 U.S. Dist. LEXIS 76149, at *20 (D. Nev. Apr. 21, 2025) (citing *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017)). The harm Sims allegedly suffered in both this current lawsuit and the Henderson action arose at the same time, and there is no reason why Sims could not have brought her fraud in the inducement claim in that action. Therefore, under the common nucleus test, these claims are the same. Because Sims's fraud in the inducement claim involves the same parties, has a valid final judgment, and is based on the same claims as the suit in Henderson Justice Court, it is barred by res judicata. It is therefore dismissed with prejudice.

## IV.   Conclusion

IT IS THEREFORE ORDERED that defendant Souily-Lefave's motion to dismiss **[ECF No. 76]** and defendant Around Vegas's motion to dismiss **[ECF No. 99] is granted as to the fraud in the inducement and perjury claims, which are dismissed with prejudice. Defendants' motions to dismiss are denied as to the copyright infringement claim.**

Dated: June 27, 2025

_____
Cristina D. Silva
United States District Judge

8