UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AURORE SIMS,

        Plaintiff,

    v.

ASSIA SOUILY-LEFAVE; AROUND VEGAS, LLC-1 DAY IN LAS VEGAS,

        Defendants.

Case No. 2:24-cv-00831-CDS-EJY

**ORDER**

The Court has before it the following Motions, Oppositions, and Replies:

    1.    Plaintiff Motion to Compel Production of Documents (ECF No. 162), the Opposition (ECF No. 163), and Reply (ECF No. 164);[1]

    2.    Defendants' Motion to Compel Sanctions (ECF No. 165), and the Opposition (ECF No. 175);[2]

    3.    Plaintiff's Motion to Compel Discovery (ECF No. 173), the Opposition (ECF No. 178), and Reply (ECF NO. 181);

    4.    Plaintiff's Motion for Protective Order (ECF No. 176), the Opposition  (ECF No. 180), and Reply (ECF No. 184);

    5.    Plaintiff's Third Motion to Compel Discovery (ECF No. 177), the Opposition (ECF No. 182), and Reply (ECF No. 185); and

    6.    Plaintiff's Motion to Extend Discovery (ECF No. 183), the Opposition (ECF No. 186), and Reply (ECF No. 187).

All of these filing have been considered by the Court.

**I.    Factual Background**

Before the six pending motions were filed, Defendants filed a Motion to Compel Plaintiff's Deposition (ECF No. 151) that Plaintiff opposed (ECF No. 154).  The Court heard oral argument

---

[1]    In the District of Nevada, where this case is obviously being litigated, the response to a motion must be titled an opposition or response, not a declaration.  A declaration should support facts or authentication and not argue points and authorities. *See* LR 7-2(a), (d).  Defendants are advised that, in the future, they must comply with local rules of this district.

[2]    No Reply in support of the Motion to Compel Sanctions was filed.

1

regarding this Motion on December 17, 2025.  ECF No. 161.  Defendants' then-Motion to Compel recited significant efforts to schedule Plaintiff's deposition.  The process began in September 2025, at which time Defendants set a date in November 2025, thus giving Plaintiff two months to prepare. ECF No. 151 at 3.  Beginning on November 7, 2025, there were seven exchanges  regarding an effort to reschedule Plaintiff's deposition.  *Id*.  Plaintiff claimed she was too busy to appear despite her substantial involvement in litigation in this and other courts involving the same subject matter.  *Id*. at 3-4.  As of November 25, 2025, Plaintiff's deposition remained unscheduled.  *Id*. at 4.

After Plaintiff sought to reschedule a hearing set to hear Defendant's Motion to Compel, Plaintiff filed a 107 page Motion (with exhibits) to Extend or Stay Discovery asserting she had to have responses to all discovery she propounded on Defendants before she would sit for her deposition.  ECF No. 155.  Plaintiff further contended she had no availability during the month of November, she was suffering a housing disruption, health issues and a computer failure, and she was acting in good faith.  ECF No. 155 filed on December 8, 2025.

On December 17, 2025, the parties appeared for the hearing on Defendants' Motion to Compel (ECF No. 151) and Plaintiff's Motion to Extend or Stay Discovery (ECF No. 155).  After discussing initial matters pertaining to Plaintiff's comprehension of English and Defendants' failure to comply with some local rules, the Court explained to Plaintiff that she had initiated this action in federal court and, by doing so, "initiated a process that allows the defense to engage in discovery just as it allows … [her] to engage in discovery, meaning" the parties may request documents from one another and take depositions. ECF No. 172 at 5.  The Court further explained that Plaintiff's "other commitments" are "understandable," but do not establish reasons for delaying depositions "indefinitely or, candidly, at all."  *Id.*  The Court stated: "It is your case.  If you want this case to go forward, you must appear for a deposition."  *Id*.

Thereafter, the Court confirmed with Plaintiff that Thursdays were the best day of the week for her to appear to be deposed, and provided three dates—two in January and one in February— from which she could pick to have her deposition taken by videoconferencing.  *Id*. at 6-7.  Plaintiff chose the date in February, with the deposition start time of 11 a.m., the exact location to be provided

in the deposition notice.  *Id*. at 8-9.  Plaintiff confirmed she understood the process and that failure to appear would be a violation of the Court's Order.  *Id*. at 8.

The Court then moved on to discuss Plaintiff's concern that she did not have documents she needed before she appeared for deposition.  *Id*. at 9-10.  Plaintiff claimed she needed responses to more than 70 requests for production.  *Id*. at 10.  Defendants explained they had produced "everything" related to copyright and that there were "no other documents to produce."  *Id*. Defendants further explained Plaintiff sought "citizenship records of -- of the defendants, immigration information, nothing to do with copyright."  *Id*.

The Court ordered the deposition to proceed, citizenship and immigration documents not relevant to the copyright claim on which Plaintiff was proceeding, and if there were documents Plaintiff still wanted to compel she would have to file a motion identifying those documents.  *Id*. at 11.  The Court extended the discovery period to March 31, 2026, and the dispositive motion due date to April 30, 2026.  *Id*. at 12-13.  To ensure clarity, the Court again confirmed that Plaintiff understood that if she failed to appear for her depositions Defendants could seek sanctions.  *Id*. at 13-14.

a.    Plaintiff's Motion to Compel Production of Documents.

On December 29, 2025, Plaintiff filed her Motion to Compel Production of Documents.  ECF No. 162.  Plaintiff stated she served two sets of document requests, but Defendants produced nothing in response.  Plaintiff's Motion does not identify for the Court those document requests to which she seeks to compel responses.  *Id*.  The first set of Requests for Documents contains 58 requests.  ECF No. 162-2 at 12-48.  The second set of Requests for Document contains 17 requests.  *Id*. at 53-55. Without discussing specific requests, the first category of documents sought (personal and immigration information) is not relevant to the copyright issue before the Court.  *Id*. at 12.  The second and third categories (financial records and payments; photos, shoots, and related materials) are (with some limited exceptions), on their face, grossly overbroad and disproportionate to the needs of the case.  *Id*. at 11-12.  Moreover, Defendants respond that all responsive documents were produced to Plaintiff on October 14, 2025, with the remainder irrelevant or disproportionate to the needs of the case.  ECF No. 163 at 2-5.  Plaintiff's Reply provides no more clarity regarding what she seeks than was provided in her moving papers.  ECF No. 164.

3

b.    Defendants' Motion to Compel and for Sanctions and Plaintiff's Response—a Motion for Protective Order.

Defendants filed their Motion to Compel and for Sanctions after Plaintiff appeared but refused to participate in the deposition process.  ECF Nos. 165, 165-4.  Defendants contend that despite the simplicity of this case alleging copyright infringement over the use of a single photograph taken in May 2021, in what is presumed to be Defendant Assia Souily-LeFave's apartment, Plaintiff commenced litigating in October 2021 by filing complaints in various courts throughout the U.S. ECF No. 165 at 2.  Defendants say that regardless of the Court's Order requiring Plaintiff to appear for deposition on February 5, 2026 (a date she selected), and a warning that failure to appear for deposition would result in sanctions, Plaintiff appeared, read a long statement, and then refused to answer any questions.  ECF No. 165 at 4; *see also* ECF No. 165-4. (the deposition transcript). Plaintiff's statements make clear she was objecting based on her belief that she was entitled to documents, and that she would not respond to questions.  *Id*.  Plaintiff spoke in English during her appearance and stated that she had a right to interpreter, who was present and paid for by Defendants; however, she still would not proceed.  *Id*.  Defendants seeks sanctions under Federal Rule of Civil Procedure 37(a)(5)(A), and (b)(2)(C).  Specifically, Defendants request $4,075 in attorney's fees, $1,492.48 for the court reporting service, and $1,255 for the French interpreter.

Defendants also raise issues relating to Plaintiff's conduct after the deposition.  ECF Nos. 165 at 7, 165-7, 165-8.  One document to which Defendants point is titled "Notice to the Court Regarding Plaintiff's Deposition."  ECF No. 165-7 at 3. The second document is Plaintiff's letter (ECF No. 165-8), written in English as all of Plaintiff's submissions have been, in which she misrepresents facts pertaining to the December hearing and rails against her deposition even though Defendants arranged for and had a French interpreter present.  ECF No. 165-4.

Plaintiff responded to Defendant's Motion by filing a single document that served as an opposition to the Motion for Sanctions and a Motion for Protective Order.  ECF Nos. 175, 176.  The Court sets aside meritless contentions regarding local counsel requirements, meet and confers (which the record demonstrates would be futile), and a long back and forth regarding whether Plaintiff would appear virtually for her deposition.  ECF Nos. 175 at 2-3, 175-1.  Plaintiff contends the deposition

4

was set unilaterally, which is not true as the date and time was selected by Plaintiff during the December 17, 2025 hearing before the Court. ECF No. 172 at 7. Plaintiff reconstitutes her presentation at the deposition itself (ECF No. 175 at 4-5 *compare* ECF No.165-4) at which defense counsel did repeatedly ask her if she was refusing to proceed with the deposition.

Plaintiff's filing cites the Federal Rules of Civil Procedure, Local Rules, the Constitution and then returns to her theme that Defendants have not provided her all the discovery she seeks. ECF No. 175 at 6-7, 9. Plaintiff, who is not an attorney, offers arguments not germane to the issue of her refusal to proceed with answering questions at her deposition, and contends defense counsel improperly made threats of sanctions (*id*. at 8-9), which the Court warned Plaintiff could be sought if her deposition did not proceed. ECF No. 172 at 13-14.

Plaintiff cites case law that must be AI generated. *See* EFC No. 175 at 10 and *compare* Plaintiff's citations to (1) *Cruz v. Fox*, 202 F.R.D. 419, 423 (N.D. Ill 2001) (allegedly discussing premature deposition when essential discovery is not provided) and *Green, Tweed of Delaware, Inc. v. DuPont Dow Elastomers, L.L.C.*, 202 F.R.D. 418, 423 (E.D. Pa. 2001) (discussing the assertion of privilege), and (2) *Barrow v. Greenville Indep. Sch. Dist.*, 262 F.R.D. 549, 553 (N.D. Tex. 2009) (allegedly granting a protective order when a deposition was premature) and *Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 553 (D. Mont. 2009) (which discusses various deposition issues, says nothing about prematurity but does recognize "[s]anctions under Rule 37 are designed to be flexible so that courts have the discretion to 'vouchsafe full discovery for the just, speedy, and inexpensive determination of the lawsuit.' [citation omitted].").[3]

Plaintiff complains that Defendants continued to press forward with her deposition despite her unwavering theme that they had not responded to discovery, while failing to identify what it is she seeks that she does not have. ECF No. 175 at 10-11. And, despite having been ordered to appear at deposition and answer questions on the date she selected, Plaintiff asks the Court to enter an order

---

[3] Plaintiff correctly cites *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984), but this case does not discuss sequencing of discovery and instead states: "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." To the extent Plaintiff relied on artificial intelligence to locate case law citation to support her arguments, the Court cautions her that it is her responsibility to check all of her cites to ensure they are accurate and say what she claims they do. The failure to do so may expose her to sanctions under Federal Rule of Civil Procedure 11.

"that no further deposition be compelled until Defendants produce and respond to all outstanding discovery …." *Id*. at 12.

The remainder of Plaintiff's Opposition and Motion reiterate her arguments, but also offer that the fees and costs sought by Defendants are excessive and should be denied. *Id*. at 15-17. Plaintiff recites one and one-half pages of "rights in connection with a future deposition" (capitalizations removed), and requests a protective order postponing her deposition until Defendants provide "all outstanding discovery relevant to this case" and her motions to compel have been resolved. *Id*. at 17-22.

Unfortunately, Defendants do little to oppose Plaintiff's Motion for Protective Order. ECF No. 180. Defendants contend Plaintiff failed to meet and confer before filing her Motion; however, the Court finds such efforts would be futile and, thus, this failure is not a basis to deny Plaintiff's Motion. It is true that Defendants had previously filed a Motion to Compel; however, Defendants offer no law supporting their contention that Plaintiff cannot file a motion for protective order in response to a motion to compel. Plaintiff's Reply (ECF No. 184) is off point (discussing defense counsel's *pro hac vice* filing, contending her Motion for Protective Order was "administrative," and discussing the importance of protective orders). ECF No. 184 at 3, 4, 6-8. To the extent Plaintiff contends she adequately met and conferred (*id*. at 4-6), the Court disagrees, but the Court will not be deciding the present filings based on such failure.

        c.     Plaintiff's Motions to Compel Discovery.

Plaintiff has two Motions to Compel discovery pending before the Court. ECF Nos. 173, 177. For the first time, Plaintiff includes in her Motion to Compel at ECF No. 173 specific discovery requests and responses by Defendants the Court was able to easily locate and review. ECF No. 173-2.[4] Defendants return to their argument regarding Plaintiff failing to meet and confer (which the Court finds futile), but also state they have responded to all of Plaintiff's requests *citing* ECF No. 173-2. However, a review of these responses demonstrate some supplementation is appropriate as discussed below.

---

[4]     Unlike ECF No. 173, ECF No. 177 is devoid of specifics and, thus, is denied below.

       d.      Plaintiff's Motion to Extend Discovery Deadline.

When repetition and hyperbole is removed, Plaintiff's Motion is worthy of consideration only to the extent that she is ordered to appear for her deposition and Defendants are ordered to supplement certain written discovery responses.  To resolve the never-ending argument regarding receiving responses to discovery before appearing at deposition, the Court sets a specific schedule below.  **No other discovery is permitted**.  And, to be clear, if **Plaintiff's fails or refuses to answer questions at deposition in good faith**, the Court **will** consider further sanctions up to and potentially including that Plaintiff's Complaint be stricken and judgment entered in favor of Defendants.

## II.    Discussion

"Discovery is supposed to proceed with minimal involvement of the Court."  *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel and parties must strive to be cooperative, practical, and sensible throughout the discovery process.  *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).  Controlling law requires parties to engage in discovery in good faith, *e.g.*, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981), and to engage in discovery conferral efforts in good faith, *e.g.*, Fed. R. Civ. P. 37(a)(1).  Seeking judicial resolution of voluminous discovery disputes is generally a red flag that these duties have not been met.  *See 4R4 Sons, LLC v. Tru G. Willhelm, Inc.*, 2022 WL 2905468, at *1 (D. Nev. July 22, 2022); *see also King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010).  The parties have not demonstrated commitment to a good faith, cooperative discovery process.

The Court is vested with broad discretion to manage discovery.  *Hunt v. County of Orange,* 672 F.3d 606, 616 (9th Cir. 2012).  Indeed, as the Supreme Court explains, "judges should not hesitate to exercise appropriate control over the discovery process."  *Herbert v. Lando*, 441 U.S. 153, 176 (1979).  To that end, "district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  *Id*. (quoting Fed. R. Civ. Pro. 26(c)).  In reliance upon this language, the Court may exercise its authority to limit interrogatories and document requests despite a party waiving its ability to object.  *Anthony v. Pro Custom Solar, LLC*, 2022 WL 17216822,

at *4 (C.D. Cal. Aug. 12, 2022). Similarly, "[a] party's failure to object to a discovery request does not automatically warrant an order to compel. Under Rule 26(b)(2)(C), the court has an independent duty to 'limit the frequency or extent of discovery' on its own." *Drive Time Auto., Inc. v. Marlon Deguzman*, 2015 WL 316817, at *3 (D. Nev. Jan. 23, 2015).

Here, following a review of the discovery requests discussed in Plaintiff's Motion at ECF No. 173, the Court finds Defendants must supplement their responses to Plaintiff's January 3, 2026 Request for Admissions stating their objections, but then admitting or denying each Request. Defendants' must also respond to Plaintiff's January 3, 2026 Interrogatory No. 1. The Court exercises its considerable authority to manage discovery and, thus, amends Interrogatory No. 2 to request Defendants identify what Plaintiff told Defendants (if anything) regarding the use of the photograph at issue. If Defendants contend this assumes facts not in evidence, they may state such objection and any other than may have; however, if this means there was nothing stated by Plaintiff, Defendants must also substantively respond to this effect.

The Court finds Interrogatory No. 3 unintelligible and, therefore, no response is required. Defendants must also respond to Interrogatory Nos. 4 and 5. However, Interrogatory No. 4 is reworded to require Defendants to identify any individual or business they contend owns a copyright to the photograph at issue. Defendants may state objections clearly and thoroughly (with support as necessary, and not as a conclusion) and then state a substantive response subject to and without waiving the objections stated. A response may state something to the effect that there is no copyright or ownership of a copyright in dispute (if that is Defendants' position). Interrogatory No. 5 is reworded to ask Defendants to provide what, if anything, was considered by Defendants with respect to copyright ownership before the photograph at issue was posted in October 2021. Again, objections may be stated, but subject to and without waiving the objections, a response must be provided. Interrogatory No. 6 seeks irrelevant information and, thus, no response is required.

With respect to Plaintiff's January 3, 2026 misnumbered document requests, to the extent there are any documents on which answers to interrogatories 1, 2, 4, or 5 rely, Defendants may state objections, but must produce documents unless privileged, in which case a privilege log is required. To the extent there are documents Defendants contend demonstrate copyright ownership of the

8

photograph at issue and or documents relating to the decision to post such photograph, and the documents have not been produced, they must be.  If there are documents in Defendants' possession, custody or control demonstrating knowledge that the photograph at issue was copyrighted by someone other than one or both Defendants, and such documents have not been produced, they must be.  To the extent Defendants are in possession of documents showing when (if at all) the photograph at issue was uploaded to Meta/Instagram by one or both Defendants, and such documents have not been produced, they must be.  Defendants are not required to obtain documents from Meta to respond to this request.  No response is required to Request for Production No. 7 as it is facially vague, overbroad, and unduly burdensome.

Defendants may assert objections to any of the requests reworded above, however, the objections must be well supported.  To the extent there are no documents responsive to the requests for production as identified above, Defendants may respond with the same.  To the extent all responsive documents were produced, Defendants must identify the Bates Number of the responsive documents, but they need not be reproduced.

The objections and responses to the Interrogatories, Requests for Admission, and Request for Production of Documents are due **April 30, 2026**.  Defendants' supplemental responses are to be served by electronic mail (email).

With respect to Plaintiff's Deposition: she must appear **and answer questions** on **Thursday, May 14, 2026 at 11 a.m.**  The Notice of Deposition will state Plaintiff's deposition will be by videoconferencing.  This means Plaintiff will appear by video, counsel for Defendants will appear by video, and a court reporting service will swear Plaintiff in and record the videotaped deposition. Plaintiff may choose to have a certified French interpreter present at her expense.  If Plaintiff chooses to have an interpreter present, she **must** provide the name and certification to defense counsel no later than 3 p.m. Eastern Daylight Time on May 7, 2026 by emailing such counsel the name and certification.  Interpreter services will be paid by Plaintiff.  Exhibits that may be used during the deposition are to be emailed to Plaintiff and the court reporter in the **same email** no later than **3 p.m. Eastern Daylight Time on May 12, 2026**.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff Motion to Compel Production of Documents (ECF No. 162) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Compel and Sanctions (ECF No. 165) is GRANTED in part and DENIED in Part.

IT IS FURTHER ORDERED that Plaintiff **must appear and answer questions** on **Thursday, May 14, 2026 at 11 a.m.** The Notice of Deposition must state the deposition will be by videoconferencing. This means Plaintiff will appear by video, counsel for Defendants will appear by video, and a court reporting service will swear Plaintiff in and record the videotaped deposition. Plaintiff may have a certified French interpreter present at her expense. If Plaintiff chooses to have an interpreter present, she **must** provide the name and certification to defense counsel no later than 3 p.m. Eastern Daylight Time on **May 7, 2026** by emailing such counsel the name and certification. Exhibits are to be delivered in accordance with the above.

IT IS FURTHER ORDERED that Defendants' request for Sanctions is held in abeyance. If Plaintiff appears and responds to questions honestly and in good faith at her deposition, no sanctions will be awarded. If Plaintiff fails to appear or appears but does not answer questions honestly and in good faith, sanctions up to and including the striking of her Complaint will be considered by the Court.

IT IS FURTHER ORDERED that Defense Counsel must conduct the deposition professionally at all times. Neither party is raise their voice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 173) is GRANTED in part and DENIED in part. Defendants must supplement responses to Plaintiff's discovery requests as stated above.

IT IS FURTHER ORDERED that Plaintiff's Motion for Protective Order (ECF No. 176) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Third Motion to Compel Discovery (ECF No. 177) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Discovery (ECF No. 183) is GRANTED only to the extent that discovery is extended to allow Defendants to supplement responses to previously propounded written discovery no later than **April 30, 2026**, and Plaintiff is to appear for her deposition, by videoconference, and respond to questions on **May 14, 2026**. **No other discovery is permitted**. The discovery period in this case closes at the conclusion of Plaintiff's deposition on May 14, 2026.

IT IS FURTHER ORDERED that the last day to file dispositive motions is **June 15, 2026**.

IT IS FURTHER ORDERED that the last day to file the proposed joint pretrial order ("JPTO") is **July 15, 2026** unless a dispositive motion is pending on this date in which case the due date for the proposed JPTO is automatically advanced to thirty (30) days after dispositive motions are resolved by the Court.

DATED this 7th day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE