UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AURORE SIMS,

      Plaintiff,

      v.

ASSIA SOUILY-LEFAVE; AROUND VEGAS, LLC-1 DAY IN LAS VEGAS,

      Defendants.

Case No. 2:24-cv-00831-CDS-EJY

**ORDER**

The Court has before it Defendants' Expedited Motion to Compel Deposition of Plaintiff's Expert. ECF No. 189. The Court considered the Motion and Plaintiff's Opposition. ECF No. 192. Given the nature of the dispute, the Court finds no reply is needed to resolve the issues presented. The Court incorporates the history of discovery provided in its April 7, 2026 Order. ECF No. 188.

**I.    Discussion**

As the Court previously stated, and cannot stress enough for Plaintiff's benefit, "[d]iscovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties, even when proceeding *pro se*, must strive to be cooperative, practical, and sensible throughout the discovery process. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Controlling law requires parties to engage in discovery in good faith. *See*, *e.g.*, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Seeking judicial resolution of voluminous discovery disputes is generally a red flag that these duties have not been met. *See 4R4 Sons, LLC v. Tru G. Willhelm, Inc.*, 2022 WL 2905468, at *1 (D. Nev. July 22, 2022); *see also King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010). The instant motion practice demonstrates Plaintiff failed to engage in a good faith, cooperative discovery process.

The Court is vested with broad discretion to manage discovery. *Hunt v. County of Orange,* 672 F.3d 606, 616 (9th Cir. 2012). Indeed, as the Supreme Court explains, "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). To that end, "district courts should not neglect their power to restrict discovery

1

where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (quoting Fed. R. Civ. Pro. 26(c)).

Here, the Court finds Plaintiff first disclosed her expert report on March 30, 2026, two months after the due date requiring such disclosures.[1]  *See* ECF Nos. 155 (Plaintiff's Motion to Extend Discovery Deadlines discussing expert disclosures), 161 (granting the motion and extending the close of discovery to March 31, 2026 rendering expert disclosures due January 30, 2026).  When on April 7, 2026, the Court entered an Order pertaining to numerous outstanding discovery motions, neither the Court nor Defendants were aware of Plaintiff's expert disclosure dated March 30.  ECF Nos. 188, 189.  In the Court's April 7th Order it set specific deadlines for Defendants' supplemental responses to discovery and Plaintiff's deposition—each of which had been disputed over a long period of time.  ECF No. 188 at 9-10.  Unaware of the expert disclosure, the Court stated: "No other discovery is permitted."  *Id*. at 11.  Nonetheless, two days after the Court's Order, Plaintiff disclosed a Supplemental Expert Report.  ECF No. 189-6 at 2.  On April 26, 2026, Plaintiff disclosed a second Supplemental Expert Report.  *Id*. at 6.  While Defendants objected to the late disclosures, they also sought to take the expert's deposition.  ECF No. 189 at 3.  Ultimately, Plaintiff refused to cooperate in the process claiming she is *only* available on Thursdays, and her expert is *only* available on Fridays rendering the scheduling of the expert's deposition an impossibility.  ECF No. 189-5 at 2-9.

Plaintiff avers that because the Court's April 7 Order did not allow for any discovery other than that which was stated in the Order she has no obligation to produce her expert for deposition.  Plaintiff is wrong.  The Court's Order was entered absent any information regarding Plaintiff's belated disclosure of her expert's report.  Thus, the Order did not and could not have the purpose or effect of precluding Defendants from taking the expert's deposition.  To the extent Plaintiff believes there are deficient discovery responses remaining, this also does not prevent Defendants from taking

---

[1]      Plaintiff claims she "timely disclosed her expert" on November 1, 2025; however, Plaintiff cites to ECF No. 148 which is a Court Order stating discovery is not to be filed with the Court. ECF No. 192 at 2. There is no record of what Plaintiff attempted to file.  The Court presently has in excess of 450 pages of exhibits Plaintiff filed with her Opposition to Defendants' Motion to Compel the deposition of her expert.  ECF No. 192-1 through 192-14. The report that the Court presumes is the expert report to which Plaintiff refers is attached at ECF No. 192-12 and is dated March 30, 2026.  Indeed, in a manner that is contradictory to Plaintiff's statement regarding a November 1, 2025 disclosure, she states on page 3 of her Opposition that she "served her expert report on March 30, 2026." ECF No. 192 at 3.  Thus, the Court has nothing before it to support Plaintiff's alleged November 1, 2025 expert disclosure.

the expert's deposition. There is no rule requiring discovery to be complete before an expert is deposed.

The Court further finds that requiring a meet and confer before issuing the current Order would be futile. Finally, Defendants' request to take the deposition of Plaintiff's expert, who issued a 58 page report, is both necessary and proportionate to the needs of the case. The Court has considered the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Specifically, the Court finds each of these elements favors Defendants' request to depose Plaintiff's expert.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Expedited Motion to Compel Deposition of Plaintiff's Expert (ECF No. 189) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's expert **must appear and answer questions** on **Thursday, May 28, 2026 at 11 a.m., Eastern Daylight Time**. At Defendants' discretion, the Notice of Deposition must state that the deposition will proceed in-person **or** be conducted by videoconference. Defendants must provide the physical location for the deposition if it is in person or a link for the videoconference deposition no later than **3 p.m. Eastern Daylight Time on May 20, 2026**.

IT IS FURTHER ORDERED that Plaintiff **must provide the notice of deposition to her retained expert** *no later than May 21, 2026*.

IT IS FURTHER ORDERED that if Plaintiff's expert fails to appear as ordered, the Court will recommend striking her report and all supplements to that report as a sanction for such failure.

IT IS FURTHER ORDERED that given the expert's failure to identify the rate she charged Plaintiff (if any) for the prepared report, the Court finds Defendants must compensate Plaintiff's expert at a reasonable rate of $250 an hour for her time, plus documented travel expenses if any, no later than seven days after the deposition concludes.

3

IT IS FURTHER ORDERED that **discovery is closed in this matter** provided **one exception**. If Defendants believe a rebuttal expert is required to respond to Plaintiff's expert, they may file a notice of the same with the Court that includes a timetable for disclosure of the expert and the concomitant report and a thirty day window during which Plaintiff may take such expert's deposition. Defendants must file such notice with the Court no later than **June 3, 2026**.

IT IS FURTHER ORDERED that the last day to file dispositive motions is **July 7, 2026**.

IT IS FURTHER ORDERED that the last day to file the proposed joint pretrial order ("JPTO") is **August 7, 2026** unless a dispositive motion is pending on this date in which case the due date for the proposed JPTO is automatically advanced to thirty (30) days after dispositive motions are resolved by the Court.

DATED this 13th day of May, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE