UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AURORE SIMS,<br><br>      Plaintiff,<br><br>    v.<br><br>ASSIA SOUILY-LEFAVE; AROUND<br>VEGAS, LLC-1 DAY IN LAS VEGAS,<br><br>      Defendants. | Case No. 2:24-cv-00831-CDS-EJY<br><br><br>**ORDER** |

On May 13, 2026 the Court granted Defendants' Expedited Motion to Compel Deposition of Plaintiff's Expert. ECF No. 194. In that Order the Court found Plaintiff failed to engage in the good faith, cooperative, civil discovery process. *Id*. at 1. The Court further found Plaintiff first disclosed her expert report on March 30, 2026, two months after the due date requiring such disclosures. *Id*. at 2. The Court noted:

> [O]n April 7, 2026, [when] the Court entered an Order pertaining to numerous outstanding discovery motions, neither the Court nor Defendants were aware of Plaintiff's expert disclosure dated March 30. ECF Nos. 188, 189. In the Court's April 7th Order it set specific deadlines for Defendants' supplemental responses to discovery and Plaintiff's deposition—each of which had been disputed over a long period of time. ECF No. 188 at 9-10. Unaware of the expert disclosure, the Court stated: "No other discovery is permitted." *Id*. at 11. Nonetheless, two days after the Court's Order, Plaintiff disclosed a Supplemental Expert Report. ECF No. 189-6 at 2. On April 26, 2026, Plaintiff disclosed a second Supplemental Expert Report. *Id*. at 6. While Defendants objected to the late disclosures, they also sought to take the expert's deposition. ECF No. 189 at 3.

*Id*. After additional discussion, the Court ordered:

> Plaintiff's expert must appear and answer questions on Thursday, May 28, 2026 at 11 a.m., Eastern Daylight Time. At Defendants' discretion, the Notice of Deposition must state that the deposition will proceed in-person or be conducted by videoconference. Defendants must provide the physical location for the deposition if it is in person or a link for the videoconference deposition no later than 3 p.m. Eastern Daylight Time on May 20, 2026.

*Id*. at 3. Plaintiff's expert did not appear on May 28, 2026, and Defendants now seek to preclude (1) Plaintiff from using or introducing the expert report, and (2) the expert from providing testimony in support of Plaintiff's claims. ECF No. 197 at 4. Defendants further seek an award of monetary sanctions. *Id*.

1

Plaintiff opposes Defendants' Motion calling the requests therein extraordinary.  ECF No. 198 at 2.  Plaintiff contends her expert did not refuse to appear; rather, Plaintiff had not received confirmation of her expert's availability to appear.  *Id*. at 2.  Plaintiff also offers arguments non-responsive to Defendants' Motion.  In Reply, Defendants demonstrate the exhibits attached to Plaintiff's opposition show, *inter alia*, she did not have a formally retained expert in this case.  ECF No. 198 at 13-25.

The history of this case shows it is replete with Plaintiff's discovery failures and abuses.  By way of example only, *see* ECF Nos. 161, 171, 179, 188, 190, 194, 196, 198.  Plaintiff's expert report was over two months overdue.  ECF Nos. 189-3, 194 at 2.  And now, in addition to the uncontested information demonstrating Plaintiff produced a report by her purported expert two months late and that the purported expert did not appear for deposition on the date ordered by the Court, it appears the expert was not properly retained.  ECF No. 198 at 13-25.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure the Court may forbid "the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  The Ninth Circuit further established the Court's "wide latitude" when issuing sanctions under Rule 37(c)(1).  *Id*. *citing Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir. 2001).  Nonetheless, information not properly produced "may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id*. *citing* Fed. R. Civ. P. 37(c)(1).  The burden to demonstrate harmlessness or substantial justification is on the party to be sanctioned.  *Id*. at 1107 (internal citations omitted).

Plaintiff offers nothing that establishes either harmlessness or substantial justification for her untimely disclosure of the expert report, the failure of that expert to appear at deposition as required by Court order or, it appears, for the failure to properly retain the expert she seeks to offer.  ECF No. 198.  The email exchanges with the service through which Plaintiff located the purported expert does not cure Plaintiff's failure to timely retain, disclose, and produce the expert.  *Id*. at 13-25.  Although Plaintiff is *pro se*, this does not excuse her obligation to comply with the Federal Rules of Civil Procedure.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

There is no dispute that the expert disclosure deadline was November 1, 2025. ECF No. 145 at 3. Plaintiff does not dispute that she disclosed the name of her expert on that date, but did not produce the expert report until March 30, 2026. ECF No. 189-3. On April 29, 2026, Defendants filed their instant Motion demonstrating multiple unsuccessful attempts to schedule Plaintiff's expert for deposition. ECF No. 189 at 3. Discovery was set to close on May 14, 2026. ECF No. 188. The Court made one exception to completion of discovery by that date; that is, the deposition of Plaintiff's expert that was set for May 28, 2026. ECF No. 194. On May 20, 2026, Plaintiff commenced email communications with a service through which she had identified her purported expert. ECF No. 198 at 13. The nature of that service and the "terms of service," to which a response to Plaintiff's inquiries refers, are not provided to the Court. However, Plaintiff apparently violated the terms of service. *Id*. at 22.

At the risk of redundancy, the totality of the information presented to the Court does not support a finding of harmlessness or substantial justification. Nothing before the Court states let alone suggests Plaintiff's expert will ever appear for deposition. Indeed, Plaintiff's Exhibit 1 (ECF No. 198 at 13-25) belies this conclusion. Moreover, retention of a replacement expert who would prepare a new expert report for Plaintiff would have to be followed by giving Defendants an opportunity to produce a rebuttal expert report. Then, there would necessarily need to be time set aside to take expert depositions. Given the history of this case, as well as the information provided by the parties regarding Plaintiff's expert's failure to appear, the Court finds prolonging case resolution, whether through motion practice or trial, would be in contravention of the federal court's overall policy established in Rule 1 of the Federal Rules of Civil Procedure.

Defendants' request to preclude Plaintiff's use of her purported expert—both the report and any future testimony—is therefore granted. With respect to Defendants' request for monetary sanctions, the Court exercises its broad discretion and denies this portion of Defendants' Motion. The Court finds the history of this case evidences a serious question regarding whether Plaintiff has the financial ability to pay monetary sanctions and the Court is not in the habit of entering orders it knows cannot be fulfilled. Precluding the use of Plaintiff's purposed expert's report and such

expert's testimony under Rule 37(c)(1) is sufficient to eliminate the prejudice caused by Plaintiff's failures.

Accordingly, IT IS HEREBY ORDERED that Defendants' Expedited Motion to Preclude Plaintiff's Expert and Sanctions (ECF No. [197]) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff is precluded from introducing or using the purported expert's report and such expert may not testify in support of future motion practice or at trial.

IT IS FURTHER ORDERED that no monetary sanctions are awarded.

DATED this 22nd day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE